**Charlotte R. SMITH**

v.

**James C. FLETCHER et al.**

**Civ. A. No. 73–H–1744.**

United States District Court,
S. D. Texas,
Houston Division.

May 5, 1975.

---

19. *See* Taylor v. Bair, 414 F.2d 815 (5th Cir. 1969).

David T. Lopez & Assoc., Houston, Tex., for plaintiff.

William L. Bowers, Asst. U. S. Atty., Houston, Tex., for defendants.

## COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

SINGLETON, District Judge.

### Findings of Fact

1. Plaintiff Charlotte R. Smith is a female and is a paraplegic confined to a wheelchair because of a childhood disease.

2. Plaintiff is employed by the National Aeronautics and Space Administration, an executive agency of the United States, and has been so employed since February 12, 1962.

3. Plaintiff at the time of her being employed by NASA in 1962 held a Master of Science degree in Physiology and had done research work related to the Space Program, and at that time, she was employed at a grade of GS–7.

4. Plaintiff was promoted to a grade of GS–9 effective November 24, 1963, was subsequently reached by a reduction in force and reduced to a GS–5 in 1971, and was repromoted to GS–7 in 1973, was promoted to a GS–9 in February, 1974, and presently holds that grade of GS–9.

5. A male, named James M. Waligora, was hired in June of 1963, at a grade of GS–9, although he had no better qualifications than plaintiff, having received a Master of Science degree from the same institution and having worked with the same graduate advisor as plaintiff.

6. Another male, named William Carter Alexander, who was hired in the same year as plaintiff, also holding a Master's degree in Physiology, was hired as a GS–9 and promoted to GS–11 three months later because he was given credit for research work related to the Space Program.

7. Waligora was promoted to a grade of GS–11 in July, 1964; to GS–12 in January, 1966; and to GS–13 in January or February of 1968.

8. Alexander was promoted to GS–12 in 1965, was granted a leave with pay to get his Doctor's degree from 1966 to 1968, and was promoted to GS–13 in July of 1969.

9. Plaintiff because of her sex was given routine clerical assignments, while males hired with comparable qualifications were given assignments in research or advanced programs.

10. Plaintiff filed a formal complaint of discrimination on December 1, 1971, alleging discrimination against her as a result of her being a physically-handicapped female.

11. A hearing was held before an examiner of the Civil Service Commission on the complaint of discrimination on the basis of sex. The examiner ruled that testimony as to possible discrimination on the basis of physical handicap would be admitted only for the purpose of showing a possible motive, other than sex discrimination, for the denial of promotions to plaintiff and her separation from her professional field of Physiology.

12. The examiner, in a written decision found that plaintiff had not been discriminated against on the basis of sex but that the plaintiff had been severely mistreated as a result of her first supervisor making an arbitrary and unfounded decision as to her physical capabilities, a decision which was carried forward by subsequent supervisors until the assignments of plaintiff deteriorated to menial clerical tasks.

13. The examiner recommended that the Agency accept the responsibility for making the plaintiff whole but left the specific relief to the Agency. The examiner recommended that the Agency not require the plaintiff to go through the regular grievance machinery to obtain relief, and the Agency, adopted the findings and recommendations of the examiner in their entirety.

14. The Agency and plaintiff could not agree on adequate relief, and plaintiff asked the Commission to specify the relief to which she was entitled. As a result of an appeal to the then Board of Appeals and Review of the Commission, plaintiff obtained an additional decision of the Commission. The decision supported the findings of the examiner as to discrimination because of physical handicap but merely noted that the Agency had accepted responsibility for making the plaintiff whole again not specifying any relief.

15. Plaintiff because of her physical handicap was denied opportunity for assignment to positions which she could physically perform and in which she could have gained promotion and advancement.

16. Applicable regulations of the United States Civil Service Commission prohibit denial of appointment by noncompetitive action to positions in the competitive service on the basis of physical handicap, when an employee is physically able to efficiently perform in the subject positions.

17. In the administrative processing of plaintiff's complaint, both the National Aeronautics and Space Administration and the United States Civil Service Commission erroneously concluded that Chapter 713 of the Federal Personnel Manuel did not at that time cover discrimination because of physical handicap. Thus, both NASA and the Civil Service Commission were given the opportunity to hear the complaint regarding the alleged discrimination because of physical handicap, but declined to hear the complaint.

18. The regulation adopted by the United States Civil Service Commission was promulgated pursuant to a statute which provides the President the discretion to prohibit discrimination on the basis of physical handicap.

19. Defendant James C. Fletcher issued a decision adversely affecting plaintiff in that he did not provide for promotion and retroactive back pay upon a finding of discrimination on the basis of physical handicap.

20. Defendant Commissioners of the United States Civil Service Commission

issued decisions which adversely affected plaintiff in that they did not provide for promotion and retroactive back pay upon a finding of discrimination because of physical handicap.

21. Defendant Commissioners of the United States Civil Service Commission failed to process the complaint of plaintiff in keeping with the purposes of applicable statutes and regulations, in the following respects:

a. By failing to order an independent and separate investigation of plaintiff's complaint of employment discrimination and utilizing the file of a prior investigation involving a reduction-in-force action rather than the issue of failure to promote.

b. By refusing to include the issue of discrimination because of physical handicap in the investigation.

c. By failing to instruct the hearing examiner to enforce all applicable regulations, resulting in the examiner's recommending no specific relief for the discrimination because of physical handicap.

d. By failing, upon review of the examiner's and agency's decisions, to enforce its own regulation pertaining to discrimination on the basis of physical handicap.

22. Plaintiff, had it not been because of discrimination against her because of her sex and her physical handicap, would have been promoted to a grade of GS–13 in February of 1974, at which time she was promoted to a GS–9.

23. In order to protect her interests under the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, it was necessary for plaintiff to retain the services of David T. Lopez, Esquire, a member of the bar of this court.

24. A hearing should be held to determine the reasonable fee of plaintiff's attorney, Mr. David Lopez.

### Conclusions of Law

1. The court has full and complete jurisdiction of all the parties and the subject matter herein.

2. Under the circumstances of this case, it was appropriate to permit the plaintiff to supplement the administrative record with additional evidence.

3. The failure of the National Aeronautics and Space Administration and the United States Civil Service Commission to order the promotion with back pay of plaintiff subjected the plaintiff to a legal wrong and an adverse effect within the meaning of 5 U.S.C. § 7153 and regulations promulgated pursuant thereto, so as to entitle the plaintiff to judicial review under 5 U.S.C. § 702.

4. This court is empowered by 5 U.S.C. § 706 to compel the National Aeronautics and Space Administration to retroactively promote plaintiff with back pay.

5. The provisions contained in the regulations of the United States Civil Service Commission found at 5 C.F.R. § 713.401 were applicable to the plaintiff and the denial to plaintiff of promotion to higher positions in the competitive service because of her physical handicap was in violation of that regulation.

6. The court is empowered in equity to grant plaintiff an order directing the National Aeronautics and Space Administration to appoint her to a GS–13 position effective February, 1974, and such an order is appropriate for this court to grant and it should be granted and, accordingly, plaintiff should be ordered promoted to GS–13, effective February, 1974.

7. The court is empowered in equity to grant plaintiff an order directing the National Aeronautics and Space Administration to pay to plaintiff the difference between payments made to her since February, 1974, and the amounts she would have been paid as a GS–13 since that same date as compensation for the damages suffered as a result of unlawful discrimination against her by the said Agency, and such an order is appropriate for this court to grant and it should be granted.

8. In order to effectuate the purposes of the Act, plaintiff should be granted relief in this regard by appointment to GS–13, Step 1, as of February, 1974, with the appropriate step increases.

9. Plaintiff is entitled to relief under the provisions of both the Equal Employment Opportunity Act of 1972 and the provisions of the Administrative Procedures Act.

■ 10. Given the fact that the Commissioners of the United States Civil Service Commission were given the opportunity to hear plaintiff's complaint pertaining to discrimination on the basis of physical handicap and refused to do so and that this court has already heard testimony on that complaint, the interests of justice would not be served by remanding the case to the United States Civil Service Commission.

■ 11. The court is empowered to grant to plaintiff the costs of this litigation and such costs should be granted, including an award to plaintiff's attorney of his reasonable fee, to be determined at a hearing set by this court.

■ 12. The court is empowered to grant to plaintiff an injunction against the Commissioners of the United States Civil Service Commission, enjoining the said Commissioners from failing to abide by applicable statutes and regulations, in any of the following ways:

a. By failing to order separate and independent investigation of any complaint of discrimination.

b. By refusing to include the issue of discrimination because of physical handicap in the investigation of complaints of discrimination under Chapter 713 of the Federal Personnel Manual, 5 C.F.R. Part 713.

c. By failing to instruct the hearing examiner to enforce all applicable regulations.

d. By failing, upon review of the examiner's and agency's decisions, to enforce its own regulation pertaining to discrimination on the basis of physical handicap.