**Louis J. ABBRUZZESE**

v.

**William P. BERZAK et al.**

**No. Civ. 75–652.**

United States District Court,
D. New Jersey.

May 3, 1976.

Michael J. Mella, Fair Lawn, N. J., for plaintiff.

Jonathan L. Goldstein, U. S. Atty., by Frank J. Scardilli, Asst. U. S. Atty., Newark, N. J., for defendants.

## OPINION

BIUNNO, District Judge.

Plaintiff sues for relief in the nature of mandamus (or, possibly, procedendo) to compel the Civil Service Commission to accept his appeal from his removal as a mail carrier in the Postal Service. The removal took effect October 15, 1973, "[to] promote the efficiency of the service," 5 U.S.C. § 7501(a).

He filed an appeal on January 30, 1974, long after the deadline of October 30, 1973,

explicit reference to which was made in the "Letter of Decision" of September 24, 1973, which told him of his proposed removal.

The New York Regional Office of the Commission wrote him that his appeal was out of time, and gave him 7 days to explain the delay by showing that he either was unaware of the time limit, or that timely filing was prevented by circumstances beyond his control. See 5 C.F.R. § 752.204 (now 752.203).

Within the 7 days, two letters went to the Regional Office. His lawyer and union representative both explained that plaintiff had prosecuted a grievance, followed by arbitration, and that the arbitration was withdrawn January 24, 1974. It was claimed that the time for appeal began to run on that date. This was based on the argument that under Art. XVI, § 3 of the Postal Service Collective Bargaining Agreement, a discharged employee remains on the rolls, but on a non-pay status, until the grievance/arbitration ends.

The reason for withdrawal of the arbitration was plaintiff's guilty plea to a charge of violating 18 U.S.C. § 1701 (obstruction of the mails), for which he has been sentenced.

The Regional Office ruled that the requisite elements had not been established, that plaintiff had been explicitly informed in writing of the various time limits along the way, and that the grievance/arbitration process did not extend the time. The appeal was dismissed.

He then appealed on June 18, 1974 to the Commission's Appeals Review Board, which made the same findings as the Regional Office, and also noted that plaintiff had no right of further administrative appeal.

This suit was filed April 21, 1975, naming as defendants the former Postmaster General the former chairman of the Appeals Review Board, and the United States. They have filed a number of motions, disposition of which is as follows:

1. *Dismissal for failure to exhaust administrative remedies.*

■ The ruling of the Appeals Review Board that no further administrative appeal is available, suggests that the administrative remedies have been exhausted. Of course, the administrative disposition did not reach the merits and dismissal was based on late filing without acceptable explanation.

On the *merits,* plaintiff failed effectively to *pursue* his administrative remedies, but on the issue of timeliness of his appeal, he did. This motion is denied.

2. *Dismissal for lack of subject-matter jurisdiction.*

■ Denied. See 39 U.S.C. § 409 and 28 U.S.C. § 1339. See, also, the Mandamus and Venue Act, 28 U.S.C. § 1361. Mandamus (or procedendo) is a proper remedy to compel an official to act, even where the performance of the act involves discretion, so long as it does not direct him *how* to exercise it. See, for example, *Roberts v. Holsworth,* 10 N.J.L. 57 (S.Ct. 1828); *Switz v. Middletown Tp.,* 23 N.J. 580, 130 A.2d 15 (1957) which discuss this aspect of the common law writ of mandamus, and *In re N. Y. Susquehanna & Western RR,* 25 N.J. 343, 136 A.2d 408 (1957), which illustrates the common law writ of procedendo in a closely related context.

3. *Dismissal based on sovereign immunity.*

■ Denied. See 39 U.S.C. § 401 granting the Postal Service power to sue and be sued in its official name.

4. *Objections to parties.*

■ Denied. In this circuit, the Postmaster General is a proper defendant. See, e. g., *Institute, etc., v. Klassen,* 348 F.Supp. 1304 (D.N.J. 1972), aff'd., 474 F.2d 1338 (CA3, 1973).

■ It does appear that the individual members of the Civil Service Commission are indispensible parties: *Blackmar v. Guerre,* 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed.

534 (1952), but the defect is corrected by amendment, not by dismissal. F.R.Civ.P. 12(h) and 19.

5. *Motion for summary judgment against plaintiff and in favor of defendants.*

■ Granted. Judicial review of administrative rulings is limited to an inspection to determine whether there is substantial competent evidence to support the result and whether the law was correctly applied. Courts do not substitute their own judgment for that of the agencies, even when the facts and law may support a contrary result in the exercise of discretion.

■ There is no dispute of the material facts in this case. There was ample evidence to support the result, and the law was correctly applied. The argument that time for appeal did not run until the arbitration was withdrawn is without substance. The collective bargaining agreement is clear that the employee may choose between grievance/arbitration or administrative review, but he may not pursue both. Art. XVI, § 3, states that:

"  .   .   . A preference eligible who chooses to appeal his  .   .   . discharge to the Civil Service Commission *rather than* through the grievance-arbitration procedure, shall  .   .   . " [Emphasis added]

■ Beyond that, it is plain that the guilty plea on the criminal charge of obstruction of the mails would be fatal to plaintiff's claim on any appeal. The public is entitled to place high reliance on the honesty and integrity of postal employees; they handle papers and property of others which are important to sender and addressee. Trust and confidence are essential to the working of the Service. Obstruction of the mails clearly violates this fundamental duty and is full and adequate ground for removal.

The foregoing opinion constitutes the court's findings of fact and conclusions of law.

ORDERED, that summary judgment be, and is hereby, entered against plaintiff and in favor of defendants.