**Charlotte R. SMITH, Plaintiff-Appellee Cross-Appellant,**

v.

**James C. FLETCHER, Administrator, National Aeronautics and Space Administration, et al., Defendants-Appellants Cross-Appellees.**

**No. 75–3948.**

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1977.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Anna E. Stool, Wm. L. Bowers, Jr., Asst. U. S. Attys., Houston, Tex., for James C. Fletcher et al.

David T. Lopez, Houston, Tex., for Charlotte R. Smith.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Although plaintiff, Charlotte R. Smith, has been paraplegic since she caught polio as a small child, she nevertheless has obtained a Master's Degree in Physiology and an airline pilot's license. She is an employee of deféndant, the National Aeronautics and Space Administration (NASA), at the Lyndon B. Johnson Spacecraft Center near Houston, Texas. While plaintiff remained at the GS–7 employment level, NASA hired at least two male employees

with similar qualifications at the GS–9 level, and later promoted them to GS–13. Meanwhile, plaintiff suffered a reduction in grade to GS–5, allegedly because of a general reduction in force. After exhausting administrative remedies, plaintiff brought this suit under the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, as well as 28 U.S.C. § 1361,[1] 5 U.S.C. §§ 702,[2] and 7153,[3] claiming sex and physical handicap discrimination. The trial court agreed, finding both sex and physical handicap discrimination, and ordering retroactive promotion, back pay, and attorney's fees. We affirm.

NASA originally hired Smith at its Langley Air Force Base, Virginia, Spacecraft Center, in February, 1962, at the Civil Service grade or level of GS–7. Within a few months, NASA moved most operations to Houston, and Smith accompanied the transfer. In June of the following year, NASA hired a male employee at a grade of GS–9, although he had no better qualifications than plaintiff, and indeed had received his Master's Degree from the same institution and under the same graduate advisor as plaintiff.[4] Later that same year, NASA employed another male at the GS–9 level, promoting him three months later to the GS–11 level because of credit for research work related to the Space Program similar to work Smith had accomplished. In November of 1963, Smith received a promotion to GS–9, but NASA reduced this to GS–5 in 1971 because of a reduction in force. Meanwhile, the two male employees obtained steady promotions up to the GS–13 level by 1969.

In December, 1971, plaintiff filed a formal complaint of discrimination resulting from her status as a physically-handicapped female. A Civil Service Commission examiner found that NASA had "severely mistreated" Smith, but declined to find sex discrimination. The examiner noted that tasks assigned to plaintiff had steadily deteriorated to menial clerical tasks. NASA and the plaintiff could not agree on appropriate relief, so plaintiff returned to the Board of Appeals and Review of the Civil Service Commission. The Review Board affirmed the hearing examiner in all respects, but likewise refused to grant any affirmative relief, noting instead that NASA had accepted responsibility for making the plaintiff whole. It was this failure to grant relief that caused plaintiff to file the instant suit. Meanwhile, she has received promotions to GS–9. She demands promotion to the GS–13 level that her two male colleagues, both arriving after she did, attained in 1968 and 1969.

NASA brings forward three points on appeal. It argues first that the district court erred in holding that Smith suffered sex discrimination.[5] Second, appellant ar-

---

1. 28 U.S.C. § 1361 provides:
 The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2. At the time of filing, December 26, 1973, 5 U.S.C. § 702 provided:
 A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.
 Congress amended the statute on October 21, 1976, but the sentence quoted remains intact as the first sentence of the amended statute.

3. 5 U.S.C. § 7153 provides:
 The President may prescribe rules which shall prohibit, as nearly as conditions of good administration warrant, discrimination because of physical handicap in an Executive

agency or in the competitive service with respect to a position the duties of which, in the opinion of the Civil Service Commission, can be performed efficiently by an individual with a physical handicap, except that the employment may not endanger the health or safety of the individual or others.

4. Dr. Frederick Sargent of the University of Illinois, graduate advisor to plaintiff and one of the male employees, testified that the male was less qualified for the degree than plaintiff. The Physiology Department gave the male a "terminal" Master's, but placed no such qualifications on Smith's degree. I App. at 21.

5. The appellant concedes that there is evidence to support the finding of handicap discrimination and does not appeal from the district court's finding of fact on that issue. Nevertheless, the agency pointedly comments that it does not concede that it in fact either intention-

gues that the district court erred in awarding a retroactive promotion,[6] back pay, and attorney's fees to plaintiff. Finally, NASA maintains that the district court erred in requiring it to follow the same administrative procedure for 42 U.S.C. § 2000e–16 (sex discrimination) and 5 U.S.C. § 7153 (physical handicap discrimination) complaints, and in granting injunctive relief. The first issue is the crux of the appeal because the second and third, for various reasons, are moot.

## I.

 *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976) forced appellant to admit in its Supplemental Brief that a *de novo* trial was both proper and necessary.[7] This Circuit's decisions have also held that federal employees possess the same right to a trial *de novo* of employment discrimination claims under Title VII, 42 U.S.C. § 2000e–16, that private sector employees have. *See, e. g., Eastland v. Tennessee Valley Authority*, 553 F.2d 364 (5 Cir. 1977). On review of the *de novo* trial, we must give great deference to the trial court's findings, overturning them only if we can find them "clearly erroneous." *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1947). We find that plaintiff demonstrated a prima facie case of sex discrimination, and that NASA has not shown by "clear and convincing evidence" that even absent the sex discrimination, plaintiff still would not have been promoted.

The primary difficulty is that sex and physical handicap discrimination occur in the instant case not separately, but inextricably intertwined. For example, Smith elicited one of the key statements demonstrating discrimination from one of her supervisors, Mr. Edward L. Michel, who stated that, "I know it would be very difficult for a young woman to travel all over the country, getting in cabs, airplanes, with a wheelchair." (II R. at 84). In fact, Smith is a licensed airline pilot. A review of the record indicates that a problem for Ms. Smith throughout her tenure with NASA is that she is a "handicapped female." It is the combination of being a young woman in a wheelchair that proves so damaging to Smith. Yet the combination of the two makes it difficult to discern separate evidence of sex discrimination.

Difficult, but not impossible to discern, for the testimony of one of NASA's own witnesses, Dr. Carolyn Huntoon of NASA, assists in establishing sex discrimination. While Dr. Huntoon stated that she did not feel sex discrimination had hindered her career with NASA, she admitted that officials' refusal to allow her to accompany the aircraft carrier sent to retrieve some astronauts was on the basis of sex.[8] Huntoon also agreed that her knowledge that there were only two females at grades GS–14 and GS–15 out of all the employees at the space center indicated "certainly" the "possibility" of sex discrimination. I App. at 189.

One of Dr. Huntoon's stated goals when she became responsible for supervising Smith was to "help her get back to a technical level work," *Id.* at 181. Perhaps the most regrettable aspect of the discrimination Ms. Smith suffered was that her supervisors assigned her increasingly menial tasks; chores generally considered secretarial and "typically female": answering the

---

ally or unintentionally treated Ms. Smith unfairly. Appellant's Brief at 4, n.2 and accompanying text.

6. Appellant challenges only the promotion's retroactivity, and concedes the propriety of prospective promotion. Brief at 2.

7. Appellant originally expressed its first point in the alternative, geared for whichever way we ultimately held on the *de novo* issue. That is, appellant claimed that the administrative record before the Civil Service Commission supported its finding that there was no sex discrimination against Smith, and that the court should have confined its jurisdiction to a review of the record. Alternatively, in case trial *de novo* was proper, appellant claimed that the evidence before the district court failed to support the finding of sex discrimination. After *Chandler* clarified the issue, appellant admitted that the trial *de novo* was the proper course.

8. "The reason that I did not go was because I was a female, yes." I R. 189.

telephone, typing, filing, opening and logging the incoming mail. Mr. William L. Tomkins, a supervisor, admitted to the Civil Service Examiner that he had assigned menial tasks compared to what the job called for: ". . . yes. Initially yes. I hoped that it would grow into something much better, but it didn't . . . .". He also remarked that, "I'd probably have been tougher on a male. I don't know." I App. at 84.

We gain some understanding of Ms. Smith's troubles from the testimony of another supervisor, Mr. Halley M. Bishop. He stated that for some reason, Smith never wrote the reports that are an integral part of her job. When pressed for a reason, he admitted, "Well, I don't know why. She wasn't asked to I suppose." *Id.* at 85. In other words, Smith fell victim to the proverbial vicious cycle. She began receiving secretarial tasks because she was female. Then supervisors began to wonder why she seemed to spurn writing technical reports and never asked her. Ultimately, Smith was working essentially as a secretary at a GS–5 level, while male colleagues had risen to GS–13. The trial court's finding of sex discrimination is not clearly erroneous.

## II.

■ Appellant's second point has become moot in light of our holding that the finding of sex discrimination was not clearly erroneous. Appellant insists that the trial court could not use the provisions of § 2000e–16 to grant retroactive promotion, back pay, and attorney's fees, since the finding of sex discrimination "is totally un-

supported." Plaintiff bases her complaint of handicap discrimination on the provisions of 5 U.S.C. § 7153, which, unlike § 2000e–16, do not ordain suits for retroactive promotion, back pay, and attorney's fees. Having agreed to the ruling of sex discrimination, however, we observe that it was appropriate to afford the relief § 2000e–16 allows.[9] Thus, we affirm the district court's award in all respects, including the grant of $6500 in attorney's fees, adding $1500 for services rendered on appeal in this Court. *See Davis v. Bd. of School Commissioners of Mobile County*, 526 F.2d 865 (5 Cir. 1976); *Caplan v. Johnson*, 417 F.2d 781 (5 Cir. 1969).

## III.

The district court originally required the Civil Service Commission to process handicap discrimination complaints under 5 U.S.C. § 7153 with the same administrative procedures it handles sex discrimination complaints under 42 U.S.C. § 2000e–16. A month later he altered that portion of the order so that it mandated that requirement only "in regards to plaintiff Charlotte Smith. . . ." II App. at 235. Both parties appeal from the modification. NASA continues to maintain, despite the modification, that the order constitutes a significant intrusion into the administrative realm. Smith argues that the judge should have let stand the original injunction.

■ NASA's issue is moot because Smith by her own admission has no pending claim of employment discrimination and no prospects of having to file any. Brief at 17–18.

---

9. Smith urges that we make certain pronouncements on the issue of handicap discrimination in federal agencies, and on appropriate relief therefor, even though we can grant full relief in the instant case in view of the trial court's finding of sex discrimination. She proffers the interesting theory that federal employees claiming physical handicap discrimination are in a position akin to that of federal employees claiming racial discrimination prior to 42 U.S.C. 2000e, *et seq.*, the 1972 Amendments to the Civil Rights Act of 1964. Supp. Brief at 3. We refuse the opportunity to create unnecessary dictum.

Smith also insists that the trial court utilized the wrong date in ordering the retroactive promotion and back pay award; *i. e.*, he should have deemed the relief effective from December 1, 1969, not February 1, 1974. We find the court's determination of the appropriate date not clearly erroneous.

Finally, NASA argued on an oral motion at the post-trial hearing on attorney's fees that the court should apportion those fees as to time spent on the sex discrimination claim and time spent on the physical handicap discrimination claim. We agree with the court that the issues were so intertwined as to make such a division impossible.

The modified order affects no one else. Because of mootness, we vacate that portion of the district court's opinion which grants the injunction, so that it will spawn no precedential consequences. We express no opinion on the merits.

AFFIRMED, as modified.