Ms. Mary **RYAN**, Appellant.

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION et al.**

**No. 76–1634.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 15, 1977.

Decided Oct. 25, 1977.

Victor M. Glasberg, Alexandria, Va., with whom Philip J. Hirschkop and John D. Grad, Alexandria, Va., were on the brief, for appellant.

Joel S. Perwin, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., and John A. Terry and George A. Stohner, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before WRIGHT, ROBINSON, and MACKINNON, Circuit Judges.

Opinion for the court *per curiam.*

PER CURIAM:

Appellant Mary Ryan, an attorney at the Federal Deposit Insurance Corporation (FDIC), alleges that she has been refused certain job assignments and denied promotion to the GS–14 level because of her physical disability. The District Court, after holding that her claim failed to state a cause of action and that she had failed to exhaust administrative remedies, ordered the agency to make available to her all relevant administrative procedures. This appeal followed.

Two statutes are addressed to discrimination against handicapped federal employees: 5 U.S.C. § 7153 (1970) and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (Supp. V 1975). Section 7153 authorizes the President to prescribe rules prohibiting discrimination because of physical handicap in Executive agencies or the competitive service. Acting under authority delegated to it by the President pursuant to this provision, the Civil Service Commission in 1969 promulgated a regulation requiring equal opportunity without regard to physical handicap. 5 C.F.R. § 713.401 (1977) provides:

(a) *In appointments and position changes.* In determining the merit and fitness of a person for competitive appointment or appointment by noncompetitive action to a position in the competitive service, an appointing officer shall not discriminate  *  *  * on the basis of a physical handicap with respect to any position the duties of which may be efficiently performed by a person with the physical handicap.

(b) *In adverse actions and termination of probationers.* An agency may not take an adverse action against an employee  *  *  * for physical handicap with respect to any position the duties of which may be efficiently performed by a person with the physical handicap.

In addition, under Section 501 of the Rehabilitation Act of 1973 every agency in the Executive Branch is required to submit to the Civil Service Commission and to the Interagency Committee on Handicapped Employees, established by the Act, "an affirmative action program plan for the hiring, placement, and advancement of handicapped individuals" within the agency. Plans are to be updated annually and approved by the Commission if it determines "that such plan provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for handicapped individuals."

Appellant argues that these provisions afford a basis for implication of a private right of action for disability discrimination. But we need not go so far in this case. For it is clear to us that the quoted provisions impose a duty upon federal agencies to structure their procedures and programs so as to ensure that handicapped individuals are afforded equal opportunity in both job assignment and promotion. If an agency fails to comply with its duty, then the aggrieved individual is entitled to seek judicial review of the agency action under 28 U.S.C. § 1331(a) (1970), *as amended,* Pub. L. No. 94–574, 90 Stat. 2721 (1976), *see Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1970). *See generally McNutt v. Hills,* 426 F.Supp. 990 (D. D.C. 1977).

In this case, however, we are unable, on the record as it is now before us, to determine whether or not the FDIC is in compliance with all of its statutory obligations. If, as appellant has alleged, neither the FDIC nor the Civil Service Commission provides any opportunity for an individual to raise a claim that he has been denied promotion on the basis of a physical handicap, then we think it clear that the agency plan does not "provide[ ] sufficient assurances, procedures and commitments to provide adequate  *  *  * advancement opportunities for handicapped individuals," 29 U.S.C. § 791(b) (Supp. V 1975). Beyond that, however, we are unable to reach any conclusions on agency compliance in its treatment of appellant. This is so both because appellant failed to test the agency's

procedures for resolving such claims through its grievance process and, more generally, because she has, throughout most of this litigation, considered the agency's affirmative action plan and its compliance with the requirements of Section 501 to be irrelevant to her claim.

Under the circumstances, we affirm that portion of the District Court's order which directs the FDIC, upon a prompt request by appellant, to make available to her all applicable administrative processes including those afforded by 5 C.F.R. § 713.401 (1977), the FDIC Employee Grievance Procedures, and the FDIC's Affirmative Action Program Plan for the Employment of the Handicapped for Fiscal Year 1976 (FDIC Circular 2000.10). If these procedures and Plan do not provide a remedy for discrimination in promotion because of physical handicap, the FDIC should amend the procedures and Plan to so provide. And if appellant is aggrieved by the action taken by the agency, she may seek judicial review at that point.

*So ordered.*