**John G. NEAL, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. NC 78–0041.

United States District Court,
D. Utah, N. D.

March 6, 1979.

John T. Caine and Reed M. Richards, Richards, Caine & Richards, Ogden, Utah, for plaintiff.

Ronald L. Rencher, U. S. Atty., James R. Holbrook, Asst. U. S. Atty., Salt Lake City, Utah, for defendant.

## ORDER DISMISSING COMPLAINT

ALDON J. ANDERSON, Chief Judge.

Plaintiff, who was employed by the Postal Service for approximately 90 days in 1976 under a temporary limited appointment, brings this action for damages for employment discrimination on the basis of a physical handicap. He alleges that he is a disabled veteran entitled to preference; that defendant represented that he would be retained on a permanent basis if he successfully performed during the temporary appointment; and that he performed his duties satisfactorily. He further alleges that he was terminated because of an abnormality of his spine, in violation of 5 U.S.C. § 7153.

The action is now before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and alternative motion for summary judgment. The complaint herein was filed on April 19, 1978, and defendant filed an answer on August 24. On October 23, defendant filed the present motion, to which plaintiff responded on November 27.

 Relying on the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, plaintiff invokes the jurisdiction of this court under 28 U.S.C. § 1346(a)(2). His reliance thereon is misplaced for three reasons: First, section 1346(a)(2) applies only to claims "not exceeding $10,000 in amount," while plaintiff seeks $94,000 in damages. Second, suit under the Act lies only against the United States and not against the Postal Service. *Myers & Myers, Inc. v. United States Postal*

*Service,* 527 F.2d 1252, 1256 (2nd Cir. 1975). Third, the action complained of appears to fall within one of the exceptions to the Act. The Act does not apply to any claim

> based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). *See Myers & Myers, supra.*

■ Although the court does not have jurisdiction of this action under 28 U.S.C. § 1346, there can be little doubt that the court has jurisdiction of plaintiff's claim, if one has been stated, by virtue of 28 U.S.C. §§ 1331, 1339 and 39 U.S.C. § 409(a). *See, e. g., Oates v. United States Postal Service,* 444 F.Supp. 100, 102 (S.D.N.Y.1978); *Abbruzzese v. Berzak,* 412 F.Supp. 201, 203 (D.N.J.1976); *White v. Bloomberg,* 345 F.Supp. 133, 140–41 (D.Md.1972), *aff'd,* 501 F.2d 1379 (4th Cir. 1974). Accordingly, defendant's motion to dismiss for lack of subject jurisdiction is denied.

There is a substantial question, however, as to whether plaintiff has adequately stated a claim upon which relief can be granted. Defendant argues that plaintiff has no cause of action under 5 U.S.C. § 7153, which provides:

> The President may prescribe rules which shall prohibit, as nearly as conditions of good administration warrant, discrimination because of physical handicap in an Executive agency or in the competitive service with respect to a position the duties of which, in the opinion of the Civil Service Commission, can be performed efficiently by an individual with a physical handicap, except that the employment may not endanger the health or safety of the individual or others.

This provision was enacted in 1966, and regulations were promulgated thereunder in 1969. 5 C.F.R. § 713.401. In 1970, Congress enacted legislation establishing the Postal Service as an independent entity and transferring to it the responsibilities of its predecessor, the Post Office Department. 39 U.S.C. § 101 *et seq.* As a part of such legislation, the antidiscrimination statute quoted above was expressly made applicable to the Postal Service with the qualification that "no regulation issued [thereunder] shall apply to the Postal Service unless expressly made applicable." *Id.* § 410(b)(1). The regulations were never amended to make them applicable to the Postal Service.

The Postal Service contends that the regulations are thus not binding on it and that section 7153 provides no basis for relief to plaintiff because no private right of action is provided thereunder. Plaintiff, on the other hand, baldly asserts that the statute creates a right of action "whereby [he] may seek to have his employment reinstated." [1] Neither party has provided the court any authority as to whether or not a private right of action exists under section 7153. Due to the lack of assistance provided by plaintiff's counsel, the court has been compelled to research not only the jurisdictional issue, but also the question of availability of a private right of action for handicap discrimination by the Postal Service.

One federal district court has granted relief for handicap discrimination on the basis of 5 C.F.R. § 713.401, promulgated under 5 U.S.C. § 7153. *Smith v. Fletcher,* 393 F.Supp. 1366 (S.D.Tex.1975). On appeal, the Fifth Circuit affirmed the relief granted by the district court on the basis of the trial court's finding of sex discrimination. *Smith v. Fletcher,* 559 F.2d 1014 (5th Cir. 1977). The appellate court declined to rule on the existence of a private right of action under section 7153. *Id.* at 1018 & n.9. The district court's decision did not recognize a private right of action under section 7153 apart from the right of judicial review of agency action under 5 U.S.C. § 702. 393 F.Supp. at 1369. In addition, the trial court implicitly recognized exhaustion of administrative remedies as a prerequisite to judicial review. *Id.* at 1370.

In *Ryan v. Federal Deposit Insurance Corp.,* 184 U.S.App.D.C. 187, 565 F.2d 762

---

1. The complaint, however, does not pray for reinstatement.

(1977), the court considered a claim of handicap discrimination under section 7153 and 29 U.S.C. § 791 (requiring federal executive agencies, including the Postal Service, to develop an affirmative action program for the benefit of handicapped persons). The plaintiff in *Ryan* urged the court to find a private right of action, but the court declined to do so, holding that the statutes

> impose a duty upon federal agencies to structure their procedures and programs so as to ensure that handicapped individuals are afforded equal opportunity in both job assignment and promotion. If an agency fails to comply with its duty, then the aggrieved individual is entitled to seek judicial review of the agency action
>
> . . . .

*Id.* 184 U.S.App.D.C. at 188, 565 F.2d at 763. ■ Although the judicial review provisions of the Administrative Procedure Act, specifically 5 U.S.C. § 702, are expressly inapplicable to the Postal Service by virtue of 39 U.S.C. § 410(a), the courts have recognized a nonstatutory right to judicial review of Postal Service actions "adverse" to its employees. *E. g., Oates v. United States Postal Service, supra; Withers v. United States Postal Service*, 417 F.Supp. 1, 3 (W.D.Mo.1976). For the reasons stated in those opinions, this court concurs in the view that Postal Service employees are entitled to judicial review of adverse action against them by the Service. The court is unable to perceive any plausible reason for refusing to extend this rule to permit judicial review of alleged discriminatory action adverse to a handicapped employee.

Such review, however, is narrowly limited to an inquiry as to whether the Postal Service substantially complied with applicable procedures, whether its actions were arbitrary or capricious, and whether its decision was supported by substantial evidence. *E. g., Withers v. United States Postal Service, supra*, at 3. A further limitation on a plaintiff's right to judicial review in this context is the requirement that plaintiff exhaust available administrative remedies. *E. g., Ryan v. Federal Deposit Insurance Corp., supra*, 184 U.S.App.D.C. at 188–89, 565 F.2d at 763–64; *Drennon v. Philadelphia General Hospital*, 428 F.Supp. 809, 816–17 (E.D.Pa. 1977). It appears that administrative remedies may be available to plaintiff under Postal Service regulations. *See Alsbury v. United States Postal Service*, 530 F.2d 852, 854 n.3 (9th Cir. 1976), *cert. denied*, 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976).

■ Plaintiff has failed to allege that he has exhausted available administrative remedies. Moreover, he has failed to allege that the Postal Service failed to follow applicable procedures in terminating his employment, that the Service's action was arbitrary or capricious, or that its decision was not supported by substantial evidence. He has therefore failed to state a claim for judicial review of defendant's decision to terminate his employment.

■■ In addition to 5 U.S.C. § 7153 and 29 U.S.C. § 791, there is a further statutory directive relevant to the present case:

> The Postal Service shall follow an employment policy designed, without compromising the policy of section 101(a) of this title, to extend opportunity to the disadvantaged and the handicapped.

39 U.S.C. § 1003(b). Under a similar statute, at least one federal court has granted relief in the nature of mandamus under 28 U.S.C. § 1361 to compel a federal agency to meet affirmative obligations to the handicapped. *McNutt v. Hills*, 426 F.Supp. 990 (D.D.C.1977).

Essential to a cause of action under this theory is an allegation that plaintiff has exhausted all administrative remedies before seeking judicial relief. *Id.* at 999. Plaintiff, however, has not asserted 39 U.S.C. § 1003(b) as a basis for relief, nor has he invoked the court's jurisdiction under 28 U.S.C. § 1361. He has failed to allege that he has exhausted available administrative remedies. Thus, he has clearly failed to state a claim upon which relief in the nature of mandamus can be granted.

■ Aside from the foregoing bases for judicial relief, the federal courts have not recognized the existence of a private right of action for handicap discrimination by a

federal agency or an "independent" agency such as the Postal Service. The existing nonstatutory right of judicial review of adverse Postal Service action against its employees appears to provide an adequate remedy. For that reason, the court is not persuaded that plaintiff is entitled to a private right of action apart from the limited review discussed above. Since plaintiff has failed to state a claim upon which relief can be granted under existing law, the court concludes that his complaint should be dismissed with leave to amend.

The court is moved to observe further that plaintiff has filed an obviously deficient complaint and failed to come forward with any authority in response to a motion to dismiss. Such conduct by counsel places an unnecessary burden on the judicial system in that it forces upon the court the task of researching whether it has jurisdiction and identifying the elements of the cause of action plaintiff is attempting to assert. Plaintiff is hereby put on notice that further action to prosecute the cause must be implemented with adequate research and effort, in order to meet the standards properly expected of counsel as an officer of the court.

IT IS THEREFORE ORDERED that plaintiff's complaint herein is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that defendant's alternative motion for summary judgment is dismissed as moot.

IT IS FURTHER ORDERED that the pretrial conference (March 7, 1979) and trial setting (March 14, 1979) are stricken.