Charles N. POOLE, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE,
et al., Defendants.**

No. C–1–78–808.

United States District Court,
S. D. Ohio, W. D.

June 4, 1982.

Michael J. Mooney, Legal Aid Society of Cincinnati, Cincinnati, Ohio, for plaintiff.

Ronald A. Meyer, White, Getgey & Meyer, Cincinnati, Ohio, for Local 304.

Elizabeth Gere Whitaker, Asst. U. S. Atty., Cincinnati, Ohio, for U. S. Postal Service and Bolger.

Thomas Kircher, Cincinnati, Ohio, for Nat. Post Office Mail Handlers, Watchmen, Messengers and Group Leaders, Div. of Laborers Intern. U. of North America, AFL–CIO.

## ORDER

SPIEGEL, District Judge.

This case is before the Court on defendant's motion to review (doc. 39) the report and recommendation of the Master (doc. 36). Memoranda in support and opposition have been filed and reviewed by the Court (docs. 39, 41).

This case was referred to the United States Magistrate, J. Vincent Aug, Jr. as Master, for trial without a jury pursuant to Fed.R.Civ.P. 53, and Western Division Rule No. 1.2(21) (doc. 9).

■ Fed.R.Civ.P. 53(e)(2) provides that in non-jury cases the reviewing district court "shall accept the master's findings of fact unless clearly erroneous." A finding is "clearly erroneous" when after consideration of the entire record the reviewing court is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 365, 68 S.Ct. 525, 528, 92 L.Ed. 746 (1947); *Paper Converting Machine Co. v. FMC Corp.*, 432 F.Supp. 907, 911 (E.D.Wis.1977), aff'd 588 F.2d 832 (7th Cir. 1978); *United States v. IBM Corp.*, 66 F.R.D. 154, 159 (S.D.N.Y.1974). The parties are entitled to a genuine review determining whether findings are clearly erroneous. *Spencer v. Newton*, 79 F.R.D. 367, 370 (D.Mass.1978). A Master's conclusions of law are to be accepted only to the extent they are correct, *United States v. IBM Corp., supra*, at 159, and we are to exercise our independent judgment as to them. *Avco Corp. v. AT&T Co.*, 68 F.R.D. 532, 534 (S.D.Ohio 1975).

Because this case is here for judicial review, we believe that a brief recitation of the operative and procedural facts is appropriate.

Plaintiff began his employment with the defendant Postal Service in 1974 as a custodian. In 1975, defendant transferred plaintiff to the position of mail handler, aware of plaintiff's history of back problems. Subsequently, plaintiff experienced asthma, headaches, and severe nose bleeding. After unsuccessful nasal surgery, doctors concluded that plaintiff's symptoms were an allergic reaction to dust. In July, 1976, a doctor hired by the defendant determined after an examination of the back and allergy problems that plaintiff was unable to perform mail handler functions.

Plaintiff requested reassignment to a position which involved tasks within his physical capabilities. The defendant determined that plaintiff was unqualified for a clerical position, and was physically unqualified for a custodial position due to his persistent back problems and dust allergy.

Defendant then evaluated its inability to find suitable work for the plaintiff and plaintiff's recent work record. In the period between January 1, 1976, and July 19, 1976, plaintiff's physical problems caused a loss of 679 work hours. Moreover, between April 2, 1976, and July 19, 1976, plaintiff performed his assigned duties for a total of 21 hours. Based on plaintiff's persistent absence from work and the belief that continued work would further impair plaintiff's deteriorating physical condition, the defendant determined that in order to promote the efficiency of the Postal Service, plaintiff should be discharged effective August 31, 1976.

Plaintiff filed an appeal of the discharge with the Federal Employee Appeals Authority (FEAA). On April 8, 1977, a hearing was held in Sharonville, Ohio.

At the hearing before an Appeals Officer of the FEAA, various medical documents were submitted into evidence. Three of these reports reflected that plaintiff had suffered from chronic lumbosacral strain since 1965. Plaintiff, however, submitted three medical statements obtained within two weeks of the hearing which indicated that plaintiff was able to return to work.

The Appeals Officer affirmed the defendant's decision to discharge plaintiff. In reaching this conclusion, the Officer maintained that after a consideration of the medical data, the plaintiff failed to establish by a preponderance of the evidence that his absences were caused by a temporary physical condition. Under the relevant por-

tions of the applicable collective bargaining agreement, the Officer concluded that an employee with less than five years Postal Service experience who is permanently unable to perform his assigned duties has no right to permanent reassignment to a less arduous position.

In recommending reversal of the FEAA decision, the Master correctly stated that the appropriate standard of review for personnel decisions of the Postal Service is limited to determining that "the applicable procedures have been complied with and that the dismissal was supported by substantial evidence and was not arbitrary and capricious." *Alsbury v. United Postal Service*, 530 F.2d 825 (9th Cir. 1976). Although this standard of review is essentially the same as that found in the Administrative Procedure Act (APA) 5 U.S.C. § 706(2)(A), the APA does not apply to personnel decisions of the Postal Service. 39 U.S.C. § 410(a). The appropriate standard of review derives from a judicially recognized non-statutory right of review of Postal Service personnel decisions. *See e.g., Neal v. United States Postal Service*, 468 F.Supp. 958 (D.Utah 1979). No one here contests the proposition that judicial review of Postal Service personnel decisions made to "promote the efficiency of the service" is severely limited in scope. *Wood v. United States Post Office Department*, 472 F.2d 96, 99 (7th Cir. 1973).

In applying the first part of the appropriate standard of review, the Master concluded that the record contained substantial evidence to support the decision of the Postal Service and the FEAA to terminate plaintiff. We here find that the Master's finding of substantial evidence is not clearly erroneous.

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Company v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *Universal Camera Corporation v. N.L.R.B.*, 340 U.S. 474, 477, 71 S.Ct. 456,

459, 95 L.Ed. 456 (1950). Substantial evidence exists when, if the trial were to a jury, the court would refuse a directed verdict and send the issue of fact to the jury. *N.L.R.B. v. Columbia Enameling & Stamping Company*, 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939). When confronted with substantial evidence, even as to matters not requiring expertise, the reviewing court may not displace the agency's choice "between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo.*" *Universal Camera Corporation v. N.L.R.B.*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1950).

In the instant action, there is ample medical testimony to support the Appeals Officer's finding that plaintiff was "permanently unable to perform all or part of his assigned duties" as a mail handler at the time of his discharge. The Appeals Officer relied on the evaluation of defendant's examining physician as well as the medical opinion of three doctors who had treated plaintiff in the past. Further, the Appeals Officer's conclusion that plaintiff did not have sufficient Postal Service experience to be entitled to permanent reassignment is supported by the express provisions of the applicable collective bargaining contract. The relevant portion of that agreement provides:

2. Permanent Reassignment

a. Any ill or injured full-time regular or part-time flexible employee *having a minimum of five years of postal service,* or any full-time regular or part-time flexible employee who sustained injury on duty, regardless of years of service, while performing his assigned duties can submit a voluntary request for permanent reassignment to light duty or other assignment to the installation head if he is permanently unable to perform all or part of his assigned duties. The request shall be accompanied by a medical certificate from the United States Public Health Service or a physician designated by the installation head giving full evidence of the

physical condition of the employee, the need for reassignment, and the ability of the employee to perform other duties. A certificate from the employee's personal physician will not be acceptable. (Emphasis added)

Since there is substantial evidence to support the determination that plaintiff was permanently unable to perform as a mail handler, and it is uncontroverted that plaintiff had less than five years experience, the collective bargaining agreement provides substantial evidence to support the Appeals Officer's finding that the Postal Service properly denied permanent reassignment by discharging the plaintiff. To this extent, we agree with the Master's recommendation.

■ The Master then determined whether the Appeals Officer's decision, although supported by substantial evidence, was arbitrary and capricious. In applying this narrow standard, the reviewing court must accept the findings of the agency unless the agency made its decision without considering the relevant factors, made a clear error of judgment, or failed to articulate a "rational connection between the facts found and the choice made." *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962). *See Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974).

The Master concluded that the Postal Service's decision to discharge plaintiff was arbitrary and capricious. The Master maintained that plaintiff was actually only temporarily unable to perform his duties as a mail handler and was therefor entitled to temporary reassignment to a less arduous job. The Master characterized the Appeals Officer's contrary finding as a "clear error of judgment." The Master relied on a provision of the collective bargaining agreement which confers a right upon all employees, regardless of seniority, to such temporary reassignment. The relevant portion of the agreement provides:

B. Employee's Request for Reassignment

1. Temporary Reassignment
 a. Any full-time regular or part-time flexible employee recuperating from a serious illness or injury and temporarily unable to perform his assigned duties may voluntarily submit a written request to the installation head for temporary assignment to a light duty or other assignment. The request shall be supported by a medical statement from a licensed physician or by a written statement from a licensed chiropractor stating, when possible, the anticipated duration of the convalescence period. Such employee agrees to submit to a further examination by a Public Health Service doctor or physician designated by the installation head, if that official so requests.

■ We are forced, however, to disagree with the Master's analysis of the case at bar. We cannot conclude that the Appeals Officer's finding that plaintiff was permanently unable to perform his mail handler duties is a clear error of judgment. Indeed, we are of the opinion that in reaching this conclusion the Master exceeded the bounds of the lawful authority of a reviewing tribunal by substituting his judgment for that of the Postal Service and the FEAA. Because we believe that the Master applied the wrong standard of review, our review of the entire record leaves us with the definite and firm conviction that a mistake has been made. For this reason, and the reasons stated hereafter, we hold the report and recommendation of the Master to be clearly erroneous. Accordingly, we must reverse.

■ The Master correctly stated that before an agency's failure to reassign a disabled employee may be labeled arbitrary and capricious, the agency must have an affirmative duty to reassign the employee to a less demanding position. *Doe v. Hampton*, 566 F.2d 265, 280–82 (D.C.Cir. 1977). As we noted previously, the Master concluded that the Postal Service had a duty to reassign plaintiff under the collective bargaining agreement. In order to hold Chapter XIII B(1), temporary reassign-

ment, applicable, however, the Master first had to determine that the Appeals Officer committed a clear error of judgment when finding that the plaintiff was permanently unable to perform as a mail handler. We believe that the Master was not warranted in overturning the Appeals Officer's finding that plaintiff was permanently unable to return to his mail handler position. Absent a finding of temporary inability to perform such tasks, the Postal Service was under no legally enforceable duty to reassign plaintiff.

■ In disagreeing with the Appeals Officer's finding of fact, the Master relied exclusively on the opinions of the three doctors who stated that, at the time of the hearing, plaintiff was able to return to work. The Master's finding, however, does not acknowledge the existence in the record of competent medical evidence which supports the contrary finding made by the Appeals Officer. This evidence includes an evaluation by a doctor retained by the defendant and three statements from plaintiff's treating physicians. The Master simply ignored this evidence and credited the contrary evidence. The Appeals Officer's decision, on the other hand, reflects a review of all the conflicting medical evidence in the record. Under these circumstances, we cannot disagree with the factual finding of the Appeals Officer without substituting our judgment of what the preponderance of the medical testimony establishes for the judgment of the Appeals Officer on that same issue. It is perhaps the most settled principle of the law of agency-court relationships that a reviewing court lacks the power, unless specifically authorized by Congress, to substitute its judgment on an issue of fact for that of the agency. *Bowman Transportation, Inc. v. Arkansas-Best Freight System*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Universal Camera Corporation v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1950). In the present case, the record indicates that the Appeals Officer's finding was based both on the relevant evidence and a consid-

eration of the conflicting evidence. In short, the Appeals Officer articulated a "rational connection between the facts found and the choice made." *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962).

Although we here hold that the Appeals Officer's finding of permanent inability to perform mail handler duties was not arbitrary and capricious, we must add that were we the finder of fact, we might resolve the issue differently. Nevertheless, we cannot state that the Master altered the agency's resolution of the factual dispute by correctly using the appropriate standard of review.

We further find that the Postal Service's decision that plaintiff's discharge would "promote the efficiency of the service" was not arbitrary and capricious. Reviewing courts should hesitate to alter administrative determinations on issues of this nature because deciding which personnel actions are needed to promote the Postal Service's efficiency requires competence in specialized areas of knowledge that courts normally do not possess. In describing an issue which called for administrative, rather than legal, expertise, Justice Frankfurter stated that such an issue

> [d]oes not present questions of an essentially legal nature in the sense that legal education and lawyers' learning afford peculiar competence for their adjustment.

*Driscoll v. Edison Light and Power Co.*, 307 U.S. 104, 122, 59 S.Ct. 715, 724, 83 L.Ed. 1134 (1939).

In reviewing findings which call for specialized competence (what Professor Davis refers to as "should" questions *See*, K. Davis *Administrative Law Treatise* § 30.04 (1958)), the Supreme Court has stated that the agency's order should stand unless the order represents a clear attempt to achieve ends other than those perceived by Congress when delegating the authority to make such findings. *N.L.R.B. v. Seven-Up Bottling Co.*, 344 U.S. 344, 346–47, 73 S.Ct. 287, 288–89, 97 L.Ed. 377 (1953). For example, on another occasion, we applied this

narrow standard of review and held that a personnel decision of the Postal Service, purportedly made to promote the efficiency of the service, was arbitrary and capricious. *Youtsler v. Koeppel*, No. C–1–79–641 (S.D. Ohio Mar. 20, 1981) *aff'd* No. 81–3300 (6th Cir. May 24, 1982). In *Youtsler*, we found that the discharge of a twenty-four year Postal Service employee for one rule violation was not made to promote the Service's efficiency. Under the circumstances, we believed that the plaintiff's penalty was so grossly disproportionate to the severity of the single transgression that the discharge decision was a clear attempt to achieve some end other than the efficiency of the Service.

In the present case, the Postal Service and the FEAA decided that the efficiency of the Service would be promoted by discharging an inexperienced employee who was permanently unable to return to his assigned duties and who was not legally entitled to reassignment to a less arduous job. We have already held that the findings of the FEAA regarding plaintiff's permanent inability and lack of entitlement to reassignment are supported by substantial evidence and are not arbitrary and capricious. When the sufficiency of these findings is considered with the amount of job time plaintiff missed due to his infirmities, we must hold that the discharge decision does not constitute an attempt to achieve ends other than those perceived by Congress when delegating authority to the Postal Service over its personnel affairs. Accordingly, we hold that the discharge decision was made to promote the efficiency of the Service and was not arbitrary and capricious.

We must caution that our rejection of the Master's report and recommendation does not mean that we are without power under the arbitrary and capricious standard to interfere with agency action save in the most egregious circumstances. This would represent a complete misunderstanding of the purpose for limited standards of review. Although the arbitrary and capricious standard is narrow, the reviewing court's inquiry must be "searching and careful."

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Indeed, the very nature of the judicial process prevents a mechanical application of even the most narrow standard. In *Universal Camera*, Justice Frankfurter stated:

A formula for judicial review of administrative action may afford grounds for certitude but cannot assure certainty of application. Some scope for judicial discretion in applying the formula can be avoided only by falsifying the actual process of judging or by using the formula as an instrument of futile casuistry.

340 U.S. at 474, 71 S.Ct. at 456, 95 L.Ed.2d at 456.

For the reasons previously stated, the report and recommendation of the Magistrate is clearly erroneous and is hereby reversed.

SO ORDERED.