**ANONYMOUS, Appellant,**

v.

**John W. MACY, Jr., as Chairman, United States Civil Service Commission, et al., Appellees.**

**No. 25671.**

United States Court of Appeals Fifth Circuit.

July 11, 1968.

————◆————

Guy Sparks, Anniston, Ala., Charles Morgan, Jr., Atlanta, Ga., Herbert S. Thatcher, Washington, D. C., for appellant.

Macon L. Weaver, E. Ray Acton, Birmingham, Ala., for appellees.

Before JOHN R. BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

PER CURIAM:

We are here dealing with a petition to review administrative actions of Civil Service, discharging appellant from the Post Office Department for alleged homosexual acts.

 The fact that appellant committed acts is not in dispute. Counsel for appellant, however, argue at great length, and with considerable ability, that homosexual acts constitute private acts upon the part of such employees, that they do not affect the efficiency of the service, and should not be the basis of discharge. That contention is not accepted by this Court. See Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957).[1]

 There is another ground of complaint, however, which has given this Court some concern, and that relates to the admission in evidence at the administrative hearing of an affidavit by one Wells charging homosexual acts of affiant with appellant. Under petinent statutes, regulations and court decisions, failure to inform appellant that this affidavit would be used against him would constitute good grounds for remanding the matter to the Civil Service authorities for a new hearing. However, as carefully pointed out by the trial judge in denying a review, there was clearly a waiver of this procedural defect by appellant and his counsel; as stated by the trial judge this point constituted an "afterthought" by appellant because of the following circumstances: Appellant was notified that he would be tried for "immoral or notoriously disgraceful conduct." Contrary to the contentions of appellant's counsel the affidavit of Wells, as shown by statement of the Hearing Officer, was a part of the record of the hearing.[2] After the hearing the Assistant Postmaster General wrote plaintiff stating that the charges against him were proven, including reference to "the sworn statement of Mr. Wells." Despite that fact no error was claimed as to the same on appeal. The Post Office Department forwarded to the Regional Director of the Commission in Atlanta a list of documents which were enclosed, concerning affidavit of Wells. There was a de novo hearing had before the Regional Appeals Examiner in Atlanta and the appellant in February, 1967 by letter appealed to the Civil Service Commission Board of Appeals in Washington, making no mention of the Wells affidavit. At no time during the proceedings was there any request to see the Wells affidavit when reference was made to it by the witnesses. No prejudice is shown to appellant, and under the circumstances of this case appellant's rights to object are without merit.

Considerable reference is made in the briefs to appellant's right to apply for disability benefits. This Court at this time has no jurisdiction over that subject matter, but desires to state that nothing herein contained shall be construed as

---

1. In the case cited it was pointed out that there is "an unbroken line of authorities holding that, so long as there was substantial compliance with applicable procedures and statutes, the administrative determination was not reviewable as to the wisdom or good judgment of the department head in exercising his discretion." As stated by this Court "it is not the function of the Court to review the wisdom or good judgment of the governmental department head in exercising his discretion in matters of employee removal and discipline." See Chiriaco v. United States, 339 F.2d 588 (5 Cir. 1964).

2. See pages 20, 30 and 33 of the Record.

any indication by this Court that appellant's claim to disability benefits is not well founded.

Affirmed.