**Joseph YACOVONE, Plaintiff,**

**v.**

**Benjamin F. BAILAR et al., Defendants.**

**Civ. A. No. 77–2049.**

United States District Court,
District of Columbia.

July 26, 1978.

Paul T. Nowak, Jr., Peter J. Connell, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Michael J. Ryan, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on defendants' motion for summary judgment. The issue involved is whether a plaintiff,

convicted for shoplifting and subsequently fully and unconditionally pardoned, can be removed from service by the defendants for "conviction for a crime," without defendants' establishing a nexus between the plaintiff's removal and the promotion of the efficiency of the service. For the reasons hereinafter stated, the Court will deny the defendants' motion for summary judgment and, finding there to be no genuine issue of material fact in issue, will grant summary judgment for the plaintiff, pursuant to Fed. R.Civ.P. 56.[1]

## I. BACKGROUND

Plaintiff Yavocone was employed by the defendant, United States Postal Service, as Postmaster of Morrisville, Vermont, from October 1968 until November 1975. Beginning in about 1973, plaintiff continually suffered from a depressive psychiatric condition. On April 20, 1975, plaintiff was arrested for shoplifting approximately ten dollars worth of food from a supermarket. After initially pleading not guilty to the charge, the plaintiff changed his plea to guilty. He claims that he changed his plea because he did not want to subject himself to confinement at the state hospital for thirty days of observation. This was the consequence, he was informed, of a plea of not guilty by reason of insanity. Based on his plea, the plaintiff was convicted, given a ninety-day suspended sentence and placed on probation.

Thereafter, defendant informed plaintiff by letter that he would be separated from the Service "because of your conviction for a crime for which a ninety (90) day suspended sentence was imposed." Plaintiff was subsequently removed from his position. Three days prior to the oral hearing on his appeal, the Governor of the State of Vermont granted plaintiff a "Full and Unconditional Pardon." Plaintiff's appeal was

unsuccessful, though he presented substantial testimony indicating that his actions had been the product of mental illness, from which he had completely recovered. Plaintiff further appealed to the Civil Service Commission Appeals Review Board (ARB) to reopen the earlier decision on the grounds that the officer below had misinterpreted the law respecting the effect of the pardon and that the removal decision was contrary to regulations and without any consideration of fairness or justice. The ARB reopened the case, but affirmed the removal decision, finding that

. . . While the State of Vermont may have forgiven appellant to the extent of a full pardon, this does not vitiate the agency's removal action or bind the Field Office.

Having exhausted all his administrative remedies, the plaintiff seeks relief from this Court.

## II. DISCUSSION

■ Plaintiff brought this suit seeking judicial review of the defendants' removal of plaintiff from his position. As such, the scope of this Court's review is limited to the administrative record for a determination of whether the removal was arbitrary and capricious.[2] *Haneke v. Secretary of Health, Education, and Welfare,* 175 U.S.App.D.C. 329, 337, 535 F.2d 1291, 1299 (1976); *Polcover v. Secretary of Treasury,* 155 U.S.App. D.C. 338, 340, 477 F.2d 1223, 1225, *cert. denied,* 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973). If, upon review of the administrative record, the removal decision is not found to be arbitrary and capricious, the agency's action must be affirmed. *See Leefer v. Administrator, National Aeronautics and Space Administration,* 177 U.S.App. D.C. 62, 66, 543 F.2d 209, 213 (1976); *Gueory v. Hampton,* 167 U.S.App.D.C. 1, 4, 510 F.2d 1222, 1225 (1974).

1. A cross-motion for summary judgment is not a prerequisite to the entry of a judgment for a non-moving party. *See International Union UAW v. National Right to Work Legal Defense and Education Foundation, Inc.,* 433 F.Supp. 474, 478–79 n. 3 (D.D.C.1977), *appeal pending,*

No. 77–1766; *National Savings and Trust Company v. Sarolea,* 269 F.Supp. 4, 7 (D.D.C.1967).

2. For the purposes of this Memorandum Opinion, the Court will not address the issue of whether the proper procedures were used to remove the plaintiff. *See* note 11 *infra.*

Specifically, plaintiff argues that the agency failed to establish that the removal of plaintiff will "promote the efficiency of the service," within the meaning of 5 U.S.C. § 7512(a)[3]. This has been interpreted to require the agency to establish a "rational basis" for its conclusion that the discharge will promote the efficiency of the service. *Norton v. Macy,* 135 U.S.App.D.C. 214, 217–18, 417 F.2d 1161, 1164–65 (1969). Plaintiff therefore argues that the mere fact of conviction is insufficient to establish this "rational basis" requirement because of the subsequent pardon.

Defendants argue that the case of *Gueory v. Hampton,* 167 U.S.App.D.C. 1, 510 F.2d 1222 (1974), is controlling. There, the Court rejected the requirement that the agency must establish a rational basis when the person removed had been convicted; the conviction itself, in essence, established the rational basis. Because plaintiff herein has been convicted of shoplifting, the defendants assert that no further nexus between the plaintiff and the promotion of the efficiency of the service need be shown. The Court disagrees.

The Court has carefully examined the entire administrative record and finds that, except for the fact of conviction, there is no evidence that the removal of plaintiff will promote the efficiency of the service. The evidence presented indicated that, aside from the conviction, there were no other complaints made against the plaintiff;[4] that the only inefficiency resulting from the removal of plaintiff was that plaintiff's replacement could not handle the responsibility;[5] and that the conviction did not affect plaintiff's reputation for honesty nor his integrity.[6] In fact, the evidence established that the plaintiff's conviction was a product of his mental illness[7] and that plaintiff had "completely recovered and [was] doing extremely well both in his home

and his work situation."[8] Consequently, the basic issue before this Court is whether a person's conviction, though later fully pardoned, can itself provide a rational basis for removing that person without the agency demonstrating that the removal of this particular person will promote the efficiency of the service.

Subchapter S3 of Chapter 752–1 of the Federal Personnel Manual Supplement, recognizing that an agency taking adverse action against an employee must show that such action will promote the efficiency of the service, states that:

> simply having an identifiable cause is not sufficient to warrant adverse action. In addition, the action must be "for such cause as will promote the efficiency of the service." A just and substantial cause is necessary for an adverse action and *the action must be determined on the merits of each individual case.*

(emphasis added). This "individual case" requirement was adopted by this Circuit in *Norton v. Macy, supra.* There, the court repeatedly emphasized the requirement that the agency focus upon the particular employee and the effect of his removal on the efficiency of the service.

> In other cases we have recognized that, besides complying with the statutory procedural requirements, the employer agency must demonstrate some "rational basis" for its conclusion that a discharge "will promote the efficiency of the service. . . . [W]e think the sufficiency of the charges against appellant must be evaluated in terms of the effects on the service of what in particular he has done or has been shown to be likely to do. . . . A reviewing court must at least be able to discern some reasonably foreseeable, *specific connection between an employees' potentially embarrassing con-*

---

**3.** 5 U.S.C. § 7512(a) provides that "[a]n agency may take adverse action against a preference eligible employee, or debar him for future appointment, only for such cause as will promote the efficiency of the service."

**4.** Administrative Record at 117–18.

**5.** *Id.* at 116.

**6.** *Id.* at 137.

**7.** *Id.* at 122.

**8.** *Id.*

290

*duct and the efficiency of the service. . . . We think the unparticularized and unsubstantiated* conclusion that such possible embarrassment threatens the quality of the agency's performance is an arbitrary ground for dismissal.

135 U.S.App.D.C. at 217, 417 F.2d at 1164–67 (emphasis added; footnotes omitted). *See Doe v. Hampton,* 184 U.S.App.D.C. 373 at 380, 566 F.2d 265 at 272 and n. 19 (1977).

The Court of Appeals for this Circuit has, however, carved out a narrow exception to this "rational basis" requirement. In *Gueory v. Hampton,* 167 U.S.App.D.C. 1, 510 F.2d 1222 (1974), plaintiff-employee was arrested and charged with homicide. Plaintiff subsequently pleaded guilty to a manslaughter charge. He was removed from his position based on his conviction. While admitting that he had killed another, the plaintiff argued that, in light of his work record, background, and reputation, his removal would not promote the efficiency of the service. The court rejected plaintiff's argument that the agency had to establish a nexus between the criminal conduct and the efficiency of the service. 167 U.S.App. D.C. at 5, 510 F.2d at 1226. However, the court noted:

> We readily recognize that the nexus may become attenuated if an agency attempts to invoke the regulation for activities of a minor nature, such as a traffic citation. We leave the difficult task of drawing a line of demarcation for a future time.

167 U.S.App.D.C. at 5, 510 F.2d at 1226.[9] This Court believes that this is such a "future time."

**9.** The court also remarked that the mere incantation by the agency of the interpretive regulation in a situation involving less serious criminal conduct might necessitate a different result.
167 U.S.App.D.C. at 6, 510 F.2d at 1227.

**10.** Both parties have extensively briefed the narrow issue of whether a state pardon is binding on the federal government. Plaintiff relies upon *Taran v. United States,* 266 F.2d 561, 566 (8th Cir. 1959), which holds that a state pardon must be given full faith and credit by the federal government. Defendants, on the other hand, rely upon several cases, most of which denied giving effect to the state pardon *because of Congress's intent in enacting the statutes involved therein. See United States v. Sutton,*

Here, the nexus between the requirement of removal to promote the efficiency of the service and the conviction is so attenuated because of the pardon that the agency should be required to establish a specific "rational basis" for the removal of this particular employee. Just as the *Gueory* court found *Norton* distinguishable on the basis that there was no conviction there, so this Court finds *Gueory* distinguishable because there was no full and unconditional pardon there. In fact, the Court believes that the reasoning of Chief Judge Bazelon in his opinion favoring reconsideration *en banc* of *Gueory* is relevant to the case at bar. Judge Bazelon stated:

> Even if the Service might have stood initially on the fact of the crime alone, the *strength of Gueory's showing* demanded something in the nature of a rebuttal from the agency, a reasoned presentation going directly to the efficiency issue.

167 U.S.App.D.C. at 9, 510 F.2d at 1230 (emphasis added). The issuance of a full and unconditional pardon, while perhaps not controlling,[10] constitutes a sufficient "strength of . . . showing" to necessitate requiring the agency to establish a close connection between the particular employee (including his conviction and pardon) and the promotion of the efficiency of the service. Judge Bazelon's fear that the *Gueory* case will set "a dangerous precedent for the automatic imposition of a penalty in addition to that already provided for in the

521 F.2d 1385, 1389 (7th Cir. 1975); *United States v. Kelly,* 519 F.2d 794, 796 (8th Cir. 1975); *Thrall v. Wolfe,* 503 F.2d 313, 315 (7th Cir. 1974), *cert. denied,* 420 U.S. 972, 95 S.Ct. 1392, 43 L.Ed.2d 652 (1975). The statute involved here merely speaks of "promot[ing] the efficiency of the service." 5 U.S.C. § 7512(a). The Court therefore cannot believe that Congress intended this statute to preclude consideration of a pardon because Congress emphasized the effect on the service—not the fact of the conviction—as a basis for removal of an employee. Thus, even under the case law cited by the defendants, an agency must consider a full and unconditional pardon because Congress so intended.

criminal code" would be realized if this Court were to allow this plaintiff to be removed from service on the record now before the Court. Thus, the Court finds that plaintiff's removal was arbitrary and capricious.

## III. CONCLUSION

The Court holds that plaintiff, convicted for shoplifting and subsequently fully and unconditionally pardoned, cannot be removed from service by the defendants for "conviction for a crime," without defendants establishing a nexus between the plaintiff's removal and the promotion of the efficiency of the service. Accordingly, the Court will grant summary judgment for the plaintiff.[11]

An Order in accordance with the foregoing will be issued of even date herewith.

11. Although the plaintiff has raised some procedural objections to the defendants' actions, the Court is withholding ruling upon them because they were inadequately briefed and because the Court is relatively confident that plaintiff will decide to forego his procedural objections in view of the Court's resolution of plaintiff's main contention that his removal was arbitrary and capricious.