581 F.2d 547
 Quincy Clyde TURNER, Plaintiff-Appellant,
v.
Alan K. CAMPBELL, Chairman of United States Civil Service
Commission, Erso Poston and Jules Sugarman,
Commissioners of United States Civil
Service Commission,
Defendants-Appellees.
 No. 78-1726
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 6, 1978.
 John Ellis, Dallas, Tex., for plaintiff-appellant.
 Kenneth J. Mighell, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.
 COLEMAN, Circuit Judge.
 
 
 1
 On April 27, 1975, Turner, the appellant, a special messenger for the Postal Service, was arrested and charged with burglary of a habitation (first-degree felony). He was later indicted on the lesser charge of burglary of a building (second-degree felony). Trial before the court resulted in a finding of guilt on the included charge of attempted burglary, and assessment of punishment as follows:
 
 
 2
 Defendant punished under (Tex. Penal Code) § 12.44 as Class A misdemeanor. Punishment set by Court at 60 days confinement in Dallas County jail and a fine of $200.00. Sentence withheld. Defendant placed on probation for 12 months. Fine to be paid by November 21, 1975. Court costs of $50.00 assessed. Defendant given conditions of probation by Court.
 
 
 3
 Adoption of a proposal to suspend Turner indefinitely from the postal service (of which he was notified on July 30, 1975) was reversed by the Federal Employee Appeals Authority (FEAA) for procedural defects, as was adoption of an (August 20, 1975) agency proposal to remove him. Appellant was notified of a third proposal to remove him on January 20, 1976. This proposal was eventually adopted, and later affirmed by the FEAA pursuant to § 772.309(b) of the Civil Service Regulations. On June 3, 1976, appellant filed with the Appeals Review Board a request to reopen and reconsider the FEAA's action under § 772.310 of the Civil Service Regulations. Upon the denial of this request, relief was sought in the District Court.
 
 
 4
 The scope of review in administrative discharge cases is properly limited to a determination whether, from the record of Civil Service proceedings, it can be said that the required standard of procedural due process was violated, Dozier v. United States, 5 Cir., 1973, 473 F.2d 866, 868. Where there has been substantial compliance with such procedures, the administrative determination is not reviewable, Anonymous v. Macy, 5 Cir., 1968, 398 F.2d 317, 318.
 
 
 5
 Here, the gist of appellant's argument is that the charges brought against him in the January 20, 1976, notice were erroneous in that:
 
 
 6
 (1) Appellant was alleged to have pled guilty to a reduced charge of attempted burglary, when in fact plaintiff pled Not guilty, and produced court evidence of that fact, and
 
 
 7
 (2) Appellant was alleged to have been "sentenced" to confinement when in fact sentence was "withheld" by the district court.
 
 
 8
 According to Turner, the response of the review board to these errors was merely to "restate" the charges. However, nowhere does he challenge the gravaman of the charge against him, which is the finding of guilt of the attempted burglary charge, and the imposition of a fine and probation Based on that finding. That the ultimate finding of the Review Board does not fall within appellant's idea of a "well-pleaded complaint" does not mean the absence of the required due process, See Dozier, supra, at 868. There is no indication that appellant was misinformed as to the basic nature of the charges against him. There were substantial grounds to believe Turner guilty of "criminal conduct" within the meaning of Title 5, C.F.R. § 731.202(b)(2) and to apply that finding as cause for dismissal promoting "the efficiency of the service", 5 U.S.C. § 7512; 5 C.F.R. § 752.104(a).
 
 
 9
 Turner also contends that the refusal to reconsider his appeal was arbitrary and capricious, presumably in view of the Review Board's refusal to consider the expungement of his conviction as "new and material evidence". Appellant could not allege the expungement entitled him to reinstatement, in view of the decision in Taylor v. United States Civil Service Commission, 9 Cir., 1967, 374 F.2d 466, 470, cited by him. Even where a legal finding of guilt on the charge could not be supported, an administrative dismissal based on substantial evidence of wrongdoing may not be considered arbitrary and capricious, Finfer v. Caplin, 2 Cir., 1965, 344 F.2d 38, 41, Cert. denied sub nom., Finfer v. Cohen, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965).
 
 
 10
 The District Court granted summary judgment, sustaining the denial of reopening. Perceiving no error in that action, we
 
 
 11
 AFFIRM.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I