**Joseph A. YACOVONE, Plaintiff,**

v.

**Benjamin F. BAILAR, Postmaster General of the United States, et al., Defendants.**

Civ. A. No. 77-2049.

United States District Court, District of Columbia.

May 31, 1979.

Leonard W. Belter, C. Dennis Ahearn, Washington D. C., for plaintiff.

Earl J. Silbert, Royce Lamberth, Kenneth M. Raisler, Larry B. Anderson, Washington, D. C., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case is before the Court on cross-motions for summary judgment. Plaintiff, Mr. Joseph Yacovone, the former postmaster of Morrisville, Vermont, appeals from a ruling by the Merit Systems Protection Board ("MSPB") dated February 6, 1979, which ordered his dismissal from the position of postmaster. The MSPB proceeding was conducted pursuant to this Court's order of August 22, 1978, and in accordance with its order of July 26, 1978, 455 F.Supp. 287 (D.D.C.1978). Because there are no material facts in dispute, summary judgment is appropriate. Moreover, it is clear that the decision of the MSPB is unsupported by relevant evidence and as a result, it is arbitrary and capricious. Accordingly, the Court sets aside the MSPB decision and enters judgment for Mr. Yacovone.

The relevant facts are fully set out in this Court's memorandum opinion of July 26, 1978, 455 F.Supp. 287, and need not be repeated here. After the Court ruled that the initial dismissal of the plaintiff by the United States Postal Service was improper, it remanded the case to the MSPB, instructing the Board to determine whether the removal of Mr. Yacovone would promote the efficiency of the Postal Service within the meaning of 5 U.S.C. § 7512(a) (1976). Order of August 22, 1978. At the hearing on remand, the Postal Service presented evidence which suggested that a substantial number of Morrisville's citizens would react negatively to Mr. Yacovone's return to work. The thrust of the Service's case was that in a small community like Morrisville, the Postmaster's position was one of prominence and respect, and that even though Mr. Yacovone's shoplifting conviction had been pardoned, the townspeople would still not trust him. Some witnesses even threatened to take their postal business to other towns. This loss of public confidence, the Service asserted, would interfere with the

Service's efficiency. Relying on this evidence, the MSPB held that a nexus had been established between Mr. Yacovone's conviction and the efficiency of the service and, as a result, dismissal was appropriate. The Court, however, is unable to accept this conclusion.

The Court's memorandum opinion instructed the MSPB to "focus upon the particular employee and the effect of his removal on the efficiency of the service." 455 F.Supp. at 289. Quoting *Norton v. Macy,* 135 U.S.App.D.C. 214, 217–220, 417 F.2d 1161, 1164–67 (1969), the Court further instructed:

> A reviewing court must at least be able to discern some reasonably foreseeable, specific connection between an employees' potentially embarrassing conduct and the efficiency of the service. . . .
> We think the unparticularized and unsubstantiated conclusion that such possible embarrassment threatens the quality of the agency's performance is an arbitrary ground for dismissal.

455 F.Supp. at 289–90. The thrust of the Court's order is a forward-looking analysis of plaintiff's behavior. The review board must discern whether "potentially embarrassing conduct" is reasonably foreseeable, and accordingly, the MSPB must look to see whether the particular employee will take any action which might interfere with the efficiency of the service. In this case, no such possibility has been demonstrated. The concerns of the local populace are not significant unless they reflect, or otherwise indicate, that potentially embarrassing conduct is foreseeable. To rely solely on a vague popular mistrust would be tantamount to permitting the common prejudice against ex-offenders to become the determining factor in the reinstatement of federal employees. The arbitrariness of this prejudice is painfully clear in this instance, because there is absolutely no evidence that Mr. Yacovone is likely to be a repeat offender. Indeed, it is uncontested that Mr. Yacovone's crime was the result of mental illness which has now been cured; in partial recognition of this, the Governor of Vermont granted a full pardon to Mr. Yacovone. In *Norton v. Macy,* 135 U.S.App.D.C.

214, 220, 417 F.2d 1161, 1167 (1969), the Court of Appeals directly addressed the issue raised by Mr. Yacovone's appeal. Discussing the "possibility of embarrassment" as a justification for dismissal, the Court stated:

> [I]f the possibility of such transitory institutional discomfiture must be uncritically accepted as a cause for discharge which will "promote the efficiency of the service," we might as well abandon all pretense that the statute provides any substantive security for its supposed beneficiaries. A claim of possible embarrassment might, of course, be a vague way of referring to some specific potential interference with an agency's performance; but it might also be a smokescreen hiding personal antipathies or moral judgments which are excluded by statute as grounds for dismissal.

In sum, the evidence presented to the MSPB provided absolutely no indication that Mr. Yacovone's future conduct might interfere with the efficiency of the postal service. Accordingly, the decision of the MSPB must be set aside as arbitrary and capricious.