Robert E. WILSON, Plaintiff,

v.

Joseph CALIFANO, Secretary of Health, Education and Welfare and Robert C. Davis, Defendants.

Civ. A. No. 78–K–1214.

United States District Court, D. Colorado.

Aug. 10, 1979.

H. Earl Moyer, Lakewood, Colo., for plaintiff.

Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This is an action by a federal employee for damages to redress the alleged deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. Plaintiff alleges that he was wrongfully terminated from his position as Manager of the East Colfax Branch of the Social Security Administration, Department of Health, Education and Welfare.

In his first claim for relief, plaintiff sets forth, in pertinent part, the following allegation:

> On or about November 19, 1976, as a result of actions by Robert C. Davis, plaintiff's immediate supervisor, plaintiff was served with a Notice of Proposal of Removal attached to a Statement of Charges setting forth seven Specifications of Charges which ripened into a Decision to Suspend for 30 days, dated January 12, 1977, and in turn addition of three additional Specification of Charges with termination on February 11, 1977. During the course of the above, despite plaintiff's engagement of legal counsel and requests for formal hearing, no hearing was granted plaintiff until April 25, 1978, which hearing was had, not before the Federal Employee Appeals Authority, but before an E.E.O. Complaints Examiner for the U.S. Civil Service Commission. (Amended Complaint, ¶ 8)

Plaintiff claims that the Specification Charges referred to above were: (1) not supported by a preponderance of the evidence, (2) not of a stature customarily requiring termination, and (3) that, despite rulings by the administrative hearing officer, the charges arose out of circumstances out of control of plaintiff by reason of actions of plaintiff's supervisors. Plaintiff urges that he has been damaged in an amount in excess of $25,000; that his reputation in the community has been damaged; and that he has been deprived of grade and salary advancement and increment.

In his second claim for relief, plaintiff incorporated by reference the allegations in his first claim and, in addition, alleges that "his actual termination was by reason of discrimination against him by his superiors based on his status as a black man." In plaintiff's third claim for relief, he seeks damages for the emotional and mental anguish that he was allegedly caused to suffer due to defendants' conduct. Plaintiff further claims that as a result of defendant Davis's actions, he has sustained career damage and foreclosure of future advancement in his chosen field. Plaintiff urges that these actions were willful, wanton, and wrongful with the intention to harm plaintiff.

On April 3, 1979, defendants moved to dismiss, or in the alternative for summary judgment, with regard to the first and third claims for relief in the amended complaint. This court directed plaintiff to file a brief in opposition to defendants' motion on or before April 24, 1979. To date, no brief has been filed by plaintiff. The matter is now ready for determination.

Title 5, United States Code, Section 7512(a) provides that "[a]n agency may take adverse action against a preference eligible employee, or debar him for future appointment, only for such cause as will promote the efficiency of the service." Adverse action is defined as "a removal, suspension for more than 30 days, furlough without pay, or reduction in rank or pay." 5 U.S.C. § 7511(2).

According to the "Findings of Fact and Conclusions" submitted by Joseph H. Hartman, E.E.O. Complaints Examiner, on September 14, 1978, there is no dispute that plaintiff had completed a probationary period in the competitive service of the government and was entitled to have this action processed in accordance with the procedural requirements set forth in 5 U.S.C. § 7512(b) and detailed in Part 752B of the Civil Service Regulations. See 5 U.S.C. § 7501 (1967 & Supp.1979); 5 U.S.C. § 7512(b); 5 C.F.R. § 752.101 et seq.

■ Pursuant to statute, a federal employee against whom adverse action is proposed is entitled to (1) at least 30 days advance written notice of the proposed action, which notice details the reasons therefor; (2) a reasonable time to answer the notice and the opportunity to submit affidavits in support of the answer; and (3) a notice of an adverse decision. 5 U.S.C. § 7512(b).

There are two separate remedies that an employee may pursue when he feels that an agency has wrongfully discharged him from federal service. The Code of Federal Regulations provides for the right to appeal to the Civil Service Commission from the agency's decision to suspend. The Federal Employee Appeals Authority then reviews the procedures used in effectuating the suspension and renders a decision which is final. There is then a right, under § 752.-203(b), to petition the Appeals Review Board to reopen and reconsider the decision in accordance with § 772.310.[1]

In the event that an allegation of discrimination is also advanced by the plaintiff, there is an alternative right of appeal available for a suspended federal employee. Pursuant to 5 C.F.R. § 772.306, if an employee makes a timely allegation of discrimination in connection with an appeal of the agency's action in a particular case, the employee must be informed by the agency of his right to proceed under Part 772C [Commission's Appellate Review of Actions Against Employees] or under Part 713 [Equal Opportunity] of the Code of Federal Regulations. Both the regulations and case law are clear that a complainant must elect whether he or she desires to pursue his or her appeal under Part 772 of the Civil Service Regulations or whether he or she

wants to proceed with a formal complaint of discrimination under Part 713. *See Rozier v. Roudebush,* 444 F.Supp. 861 (S.D.Ga. 1977); 5 C.F.R. § 772.306 (1978).

Rule 56 of the F.R.Civ.P., subsection (e), provides in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Since plaintiff has chosen not to respond to defendants' motion for summary judgment, there does not appear to be any question of fact concerning the procedures that were followed in this case.

According to the affidavits filed in support of defendants' motion, plaintiff was informed by Herbert C. Creech, Director on the Special Staff for Equal Opportunity, that plaintiff had a right of election of alternate appeals. In a letter dated June 23, 1977, Mr. Wilson informed Mr. Creech that he wished to pursue his appeal in accordance with the provisions of Part 713 of the Civil Service Regulations [Equal Opportunity].

On February 14, 1978, the Chief Appeals officer of the Federal Employee Appeal Authority received a request from the Department of Health, Education and Welfare for the assignment of an E.E.O. Complaints Examiner to conduct a hearing on the discrimination complaint of Mr. Wilson. This hearing was held on April 25, 26, 27, and 28,

---

1. Effective January 1, 1979, the Civil Service Commission was redesignated as the Merit System Protection Board, and the Commissioners as Members of the Board. *Ex.Ord.No.* 12107, Dec. 28, 1978, 44 F.R. 1055. In accordance with the "Civil Service Reform Act of 1978," the appellate procedures for a federal employee protesting an administrative decision to take adverse action have been modified. 5

U.S.C. § 7701 *et seq.* (Supp.1979). However, since the adverse action taken by the Social Security Administration is alleged to have taken place prior to January 1, 1979, the appellate procedure delineated in 5 U.S.C. § 7701 (1967) and Part 772 of the Code of Federal Regulations are applicable to the determination of the issues at bar.

1978. On September 14, 1978, Joseph H. Hartman issued a decision that the agency "[inform] the complainant that the actions he has complained about were not based on discrimination because of race (black) and sex (male)."

Plaintiff's attorney was informed of the above decision in a letter dated October 17, 1978, by Thomas S. McFee, Director of Equal Employment Opportunity. Therein, plaintiff was informed of his right to appeal to the Appeals Review Board of the Civil Service Commission or, in the alternative, to seek judicial relief by filing a civil action in the United States District Court within 30 calendar days of receipt of this letter. See 5 C.F.R. § 713.231; 5 C.F.R. § 713.281. The original complaint in this case was filed on November 17, 1978 and is thus timely.

■ Since plaintiff affirmatively chose to pursue his remedies under Part 713 of the Civil Service Regulations, plaintiff may not now argue that he should have been afforded a hearing in front of the Federal Employee Appeals Authority pursuant to Part 772C. See 5 C.F.R. § 772.306. Further, plaintiff could have filed an appeal with the Appeals Review Board under 5 C.F.R. § 713.231 and at that time the commission would have reviewed all of the issues raised in connection with the adverse action taken against plaintiff. Instead, plaintiff made the decision to file his appeal in the United States District Court.

The jurisdiction of the United States District Court to entertain plaintiff's claims for relief is limited by Title VII of the Civil Rights Act of 1964. Title 42, U.S.C., § 2000e–16, provides in pertinent part:

(a) All personnel actions affecting employees or applicants for employment . . . in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex or national origin.

. . . . .

(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit *on a complaint of discrimination based on race, color, religion, sex or national origin,* brought pursuant to subsection (a) of this section . . . an employee or applicant for employment, is aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, *may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit as appropriate, shall be the defendant.* (Emphasis added.)

■ In addition, Part 713 of the Civil Service Regulations sets forth the administrative remedies for claims of discrimination based on race, color, religion, sex, or national origin. 5 C.F.R. § 713.201(a). Hence, this court has jurisdiction only over the claims of discrimination made by the plaintiff herein. There is a noticeable absence of any allegations of discrimination in plaintiff's first claim for relief. Plaintiff has thus failed to allege a jurisdictional base on which to predicate his claims of wrongful discharge in this court.[2] Accordingly, the first claim for relief is hereby

---

**2.** The only basis for exercising jurisdiction over this claim would be pursuant to 5 U.S.C. § 702 for judicial review of the agency's action under 5 U.S.C. § 7501 *et seq.,* i. e., a review of the administrative record to determine whether plaintiff's removal, on the grounds that it "[promoted] the efficiency of the service," was arbitrary and capricious. *See Hurley v. United States,* 575 F.2d 792 (10th Cir. 1978); *Yaco-*

*vone v. Bailar,* 455 F.Supp. 287 (D.D.C.1978); *Craig v. Colburn,* 414 F.Supp. 185 (D.Kan. 1976).

The Fifth Circuit, in *Turner v. Campbell,* 581 F.2d 547 (5th Cir. 1978), limited the scope of review in administrative discharge cases "to a determination whether, from the record of Civil Service proceedings, it can be said that the required standard of procedural due process

dismissed for failure to state a claim upon which relief can be granted.

 In his third claim for relief, plaintiff prays for punitive damages for emotional and mental anguish that he and his family were allegedly caused to suffer because of defendants' actions. Plaintiff also seeks damages for the foreclosure of future advancement in his chosen field and consequent career damage that he has allegedly been caused to suffer due to those actions. Punitive and compensatory damages are not recoverable under 42 U.S.C. § 2000e–16. The Tenth Circuit, in *Pearson v. Western Electric Co.,* 542 F.2d 1150 (10th Cir. 1976), concluded:

> The language of 42 U.S.C. § 2000e–5(g) requires the application of equitable rather than legal remedies: "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay, . . . or any other *equitable* relief as the court deems appropriate" (Emphasis supplied). The back pay award provided as relief in Title VII is not punitive in nature but equitable, intended to restore the recipients to their rightful economic status. . . . On the other hand, the award of punitive damages is treated as a legal rather than as an equitable remedy. Accordingly, punitive damages are not properly allowed under § 2000e–5(g).

*Id.* at 1152–1153. *See Equal Employment Opportunity Commission v. Detroit Edison Company,* 515 F.2d 301 (6th Cir. 1975); *Davis v. Reed,* 462 F.Supp. 410 (W.D.Okl.1977); *Carreathers v. Alexander,* 9 EPD ¶ 9858 (D.Colo.1974), *rev'd in part on other grounds,* 587 F.2d 1046 (10th Cir. 1978).

 Accordingly, plaintiff's third claim for relief is dismissed for failure to state a claim upon which relief can be granted. Accordingly, it is

ORDERED that plaintiff's first claim is dismissed; that Robert C. Davis's motion to dismiss is moot; and that plaintiff's third claim for relief is dismissed. The Modified Pre-Trial Order filed on even date herewith shall govern the subsequent course of this litigation and the issues to be contested at trial.

was violated . . . . Where there has been substantial compliance with such procedures, the administrative determination is not reviewable . . . . *Id.* at 548.