Vincent L. BOYLAN,
Petitioner-Appellant,

v.

UNITED STATES POSTAL SERVICE,
Respondent-Appellee.

No. 82–5904
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 2, 1983.
Rehearing and Rehearing En Banc
Denied June 13, 1983.

**574**

Dana E. McDonald, Mallard, McDonald & Horder, Atlanta, Ga., for petitioner-appellant.

David Cybulski, Chief Counsel, Edward F. Ward, Jr., Asst. Gen. Counsel, U.S. Postal Service, Washington, D.C., for respondent-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Vincent Boylan, a City Letter Carrier for the United States Postal Service in Orlando, Florida, appeals a final order of the Merit Systems Protection Board sustaining his suspension and removal from employment because he allegedly disposed of third-class mail scheduled to be delivered on his route. This Court has jurisdiction to review such final orders under 5 U.S.C.A. § 7703(b) (superseded) and 28 U.S.C.A. § 2342(6) (repealed).[1] In this appeal, Boylan claims that the Board's decision is not supported by substantial evidence, that the Board failed to show the appropriateness of the suspension and removal penalties, and that the suspension and removal were effected without compliance with required procedures. We affirm.

### Substantial Evidence

The incident resulting in Boylan's suspension and removal occurred on January 17, 1981, when the manager of the Moselle Manor Apartments discovered a large quantity of third-class mail under a U-Haul trailer next to a trash dumpster in the apartment complex parking lot.

Boylan's first contention on appeal is that the Board's finding that he disposed of the mail is unsupported by substantial evidence. In reviewing final decisions of the Merit Systems Protection Board, the Civil Service Reform Act of 1978 directs this Court to:

... review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

---

1. The Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 127(a)(9), 1982 U.S.Code Cong. & Ad.News (96 Stat.) 25, 38, vests exclusive jurisdiction over appeals from final orders of the Merit Systems Protection Board in the U.S. Court of Appeals for the Federal Circuit. When that Act became effective on October 1, 1982, however, Boylan's appeal was already pending before this Court. His notice of appeal was filed with this Court on August 18, 1982. Although the Act provides that certain cases pending before the Court of Claims and the Court of Customs and Patent Appeals on October 1, 1982 shall be transferred to the Court of Appeals for the Federal Circuit, there is no provision requiring the transfer of cases pending before a U.S. Court of Appeals. Pub.L. No. 97–164, § 403, 1982 U.S.Code Cong. & Ad. News (96 Stat.) 25, 57–58. Section 403(e) provides that if a notice of appeal has been filed in a district court before October 1, 1982, the court of appeals to which the appeal was taken shall decide the case. This provision is not applicable because the notice of appeal was filed with this Court, not the district court. Nevertheless, we are persuaded that Congress intended the date of the notice of appeal to be the determinative factor in whether jurisdiction lies with this Court, as the law provided before 1982, or with the Court of Appeals for the Federal Circuit. Because Boylan's notice of appeal was filed before October 1, 1982, this Court has jurisdiction of his appeal.

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence. . . .

5 U.S.C.A. § 7703(c). Under this standard of review, a court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Service,* 647 F.2d 1093, 1096 (Ct.Cl.1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). The question is not what the court would believe on a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole. *Brewer,* 647 F.2d at 1096. Evidence supporting the agency's finding, as well as evidence offered in opposition, must be examined. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1950).

■ The record contains evidence that (1) 163 of the 172 pieces of mail recovered under the trailer were scheduled for delivery on Boylan's route, (2) the postal inspector who collected the mail recognized some of the mail as being the same kind of third-class mail available for delivery that morning from Boylan's postal station, (3) the mail was found in a "fresh and unsoiled" condition, and (4) Boylan had not observed any signs of forced entry into his mail truck or any indication that the mail had been disturbed. Although Boylan suggested that children playing in the area might have been responsible for the incident, he also stated that he had seen no children in the area, and had offered the explanation "simply in a manner of speculation."

Under these circumstances, we conclude that the Board's decision was supported by substantial evidence. The Board did not act improperly in discounting the possibility that children playing in the area were responsible for the incident, or in rejecting Boylan's denial of the charges. *See Brewer v. United States Postal Service,* 647 F.2d 1093, 1096 (Ct.Cl.1981) (court upheld Board's rejection of postal employee's exculpatory explanation), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982); *Calhoun v. Bailar,* 626 F.2d 145, 150 (9th Cir.1980) (credibility issues resolved by the trier of fact should not be disturbed on appeal), *cert. denied,* 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981).

### Appropriateness of Suspension and Removal

■ Boylan next argues that the Postal Service violated 5 U.S.C.A. § 7513(a), which provides that an employee of a federal agency may be removed or suspended for more than 14 days "only for such cause as will promote the efficiency of the service." Courts have required the agency to establish a nexus between the employee's misconduct and the efficiency of the service. *See Bonet v. United States Postal Service,* 661 F.2d 1071, 1074 (5th Cir.1981); *Cooper v. United States,* 639 F.2d 727, 729 (Ct.Cl. 1980); *Phillips v. Bergland,* 586 F.2d 1007, 1011 (4th Cir.1978). Where a letter carrier is charged with disposing of mail entrusted to him for delivery, the connection between the misconduct charged and the efficiency of the postal service seems clear. *See Abbruzzese v. Berzak,* 412 F.Supp. 201, 204 (D.N.J.1978) (letter carrier removed for obstruction of mails), *aff'd,* 601 F.2d 107 (3d Cir.1979); *Alsbury v. United States Postal Service,* 392 F.Supp. 71 (postal employee's removal for misappropriation of postal property), *aff'd,* 530 F.2d 852 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91 (1976).

■ The particular disciplinary action necessary to promote the efficiency of the service is generally a matter within the agency's discretion. *Horne v. United States,* 190 Ct.Cl. 145, 419 F.2d 416, 423 (Ct.Cl.1969). The Postal Service acted within its discretion "to suspend, demote, discharge, or take other disciplinary action against . . . officers and employees. . ." 39 U.S.C.A. § 1001(e)(2). In *Brewer v. United States Postal Service,* 647 F.2d 1093 (Ct.Cl.

1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982), the court stated that it would defer to the agency's judgment regarding the appropriate penalty for employee misconduct

> unless its severity appears totally unwarranted in the light of such factors as the range of permissible punishment specified by statute or regulation, the disciplined party's job level and nature, his record of past performance, the connection between his job and the improper conduct charges, and the strength of the proof that the conduct occurred.

647 F.2d at 1098. The Board's decision to sustain Boylan's removal was not an abuse of discretion.

### Procedural Issues

Boylan contends the Board should have set aside his removal because of four procedural errors committed by the Postal Service. Under 5 U.S.C.A. § 7701(c)(2), the Board may set aside an adverse action against an employee if the employee demonstrates harmful error in the application of the procedures invoked to arrive at that decision. "Harmful error" is defined by regulation as follows:

> *Harmful error:* Error by the agency in its application of its procedures which, in the absence or cure of the error, might have caused the agency to reach a conclusion different than the one reached. The burden is upon the appellant to show that based upon the record as a whole the error was harmful, i.e., caused substantial harm or prejudice to his/her rights.

5 C.F.R. § 1201.56(c)(3).

■ *First,* Boylan alleges harmful error in that he received only 16 days notice of his proposed suspension, rather than the 30-day notice required under 5 U.S.C.A. § 7513(b)(1). In upholding the Postal Service, the Board relied on the so-called "crime exception" to the required notice period which allows immediate action when "there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed...." 5 U.S.C.A. § 7513(b)(1).[2]

Under the regulations, Boylan had the burden of showing that the 16-day notice prejudiced his rights. Although the Postal Service had relied on another invalid exception in giving the short notice, the Board's determination that Boylan suffered no prejudice because the 16-day notice was justified by the crime exception was not an abuse of discretion.

*Second* Boylan contends that the crime exception to the notice requirement cannot be invoked without a showing of criminal intent. The Board has determined in previous decisions that direct proof of criminal intent is unnecessary where the evidence presented to the Board demonstrates that the agency's action was based upon a "reasonable cause to believe" that a crime had been committed. *Filson v. Department of Transportation, FAA,* MSPB Order No. AT075209304 (July 14, 1981), at 8. This interpretation by the Board of its own regulations is entitled to deference. *See Udall v. Tallman,* 380 U.S. 1, 18, 85 S.Ct. 792, 802, 13 L.Ed.2d 616 (1965); *Adkins v. Hampton,* 586 F.2d 1070, 1073 (5th Cir.1978). Here, the Postal Service had "reasonable cause to believe" a crime had been committed without a specific showing of intent, and was not required to show a criminal conviction or bring formal criminal charges in order to invoke the crime exception to the notice requirement. *See Schapansky v. Department of Transportation, FAA,* MSPB Order No. DA075281F1130 (October 28, 1982), at 7.

■ *Third* although Boylan contends he was denied access to the mail involved in this incident in violation of 5 U.S.C.A. § 7513(e), which requires copies of the agency's proposed action "together with any supporting

---

**2.** 18 U.S.C.A. § 1703 provides in pertinent part: Whoever being a ... Postal Service employee, *unlawfully detains* [or] *delays* ... any letter ... intrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carrier or delivered by any carrier or other employee of the Postal Service ... or secretes, or destroys any such letter ... shall be fined not more than $500 or imprisoned not more than five years, or both.

material" to be furnished to the employee upon request, the record indicates that Boylan examined the mail at his initial interview with the postal inspector on January 21, 1981. A letter dated March 11, 1981 advised the Board that the mail was in the Postal Service's possession and Boylan's representative could examine it by making an appointment to do so. The letter indicated that a copy was sent to Boylan's attorney at thát time. In addition, a copy of the letter was served on Boylan and his attorney on April 7, 1981. The Board did not abuse its discretion in concluding that Boylan suffered no harmful error.

Finally, Boylan argues that he was not provided with a copy of the carrier by-pass record introduced at the hearing. This document reflected the number of pieces of mail returned by a carrier to the post office each day. The document's evidentiary impact was cumulative and its introduction into evidence was without objection. It was not mentioned in the Board's initial decision or in its final order. In administrative disciplinary proceedings, where a removal action is based upon substantial evidence and conforms with the law, courts have refused to hold "that every deviation from specified procedure, no matter how technical, automatically invalidates a discharge, especially in the absence of any showing of prejudice." *Dozier v. United States,* 473 F.2d 866, 868 (5th Cir.1973); *see Anonymous v. Macy,* 398 F.2d 317, 318 (5th Cir.1968), *cert. denied,* 393 U.S. 1041, 89 S.Ct. 666, 21 L.Ed.2d 588 (1969). Boylan has made no showing that any harm resulted from the procedures followed.

AFFIRMED.