[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11167
Non-Argument Calendar

_____

D. C. Docket No. 03-02205-CV-T-27-EAJ

TERRY LORENZO BOLTON,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
Postmaster General, United States Postal Service,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 3, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Larry Bolton, a letter carrier with the United States Postal Service

("USPS"), was terminated from his job following an incident in which he was accused of threatening two of his co-workers in violation of the zero tolerance policy for violence. Arguing that his dismissal was the result of racial discrimination and retaliation for an earlier lawsuit, Bolton sought relief through various union grievance procedures and administrative hearings, including a hearing before an Administrative Law Judge ("ALJ") of the Merit Systems Protection Board ("MSPB"), all of which upheld his dismissal. He then filed this lawsuit in the district court, and now appeals that court's decision to grant USPS's motion for summary judgment. In addition to his discrimination and retaliation claims, Bolton argues that witnesses at the administrative hearings willfully lied about the incident, that he was denied the right to call witnesses, and that the hearings were not fairly conducted, thus violating his rights to due process. After a review of the briefs and the record, and consideration of these claims, we affirm.

*Standard of Review*

Section 7703 of Title 5 provides for judicial review of decisions of the MSPB and the necessary procedures that an employee must follow. 5 U.S.C. § 7703. "[I]n § 7703 'mixed cases' the district court should try discrimination claims *de novo* but apply the arbitrary and capricious standard of § 7703(c) to its review of all other claims brought before the MSPB." *Kelliher v. Veneman*, 313

2

F.3d 1270, 1275 (11th Cir. 2002). The arbitrary and capricious standard allows us only to determine that the decision below was: "(1) not arbitrary or capricious, (2) made without regard to law, or (3) not based on substantial evidence." *Id* at 1276. This standard is the least likely to allow finding grounds for reversal. *Id.* We must defer to the ALJ's credibility determinations, which remain undisturbed unless they are inherently unreasonable or self-contradictory. *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998).

Pursuant to the personnel regulations, an agency may take an action, including removal or suspension, against an employee solely to "promote the efficiency of the service." 5 U.S.C. § 7513(a). The agency must establish a nexus between the employee's misconduct and the efficiency of the service, but we leave the particular disciplinary action necessary to promote the efficiency of the service to the agency's discretion. *See Boylan v. U.S. Postal Serv.*, 704 F.2d 573, 575 (11th Cir.1983) (approving the discharge of a letter carrier who discarded mail).

*Discussion*

Bolton, who is African-American, alleges that his termination was the result of racial discrimination.[1] In order to prove a prima facie case of race

---

[1]Bolton makes limited mention of his discrimination and retaliatory discharge claims in his appellate brief. While failure to adequately raise an issue in a brief will generally result in waiver of that claim, we hold *pro se* pleadings to less stringent standard than pleadings drafted by attorneys and construe such pleadings liberally. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th

discrimination an employee must prove that he was: (1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) replaced by a person outside the protected class or suffered from disparate treatment because of membership in the protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973); *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir. 2000). However, if an employer responds by producing evidence that there is a legitimate non-discriminatory reason for the challenged employment action, the employer will nevertheless be entitled to summary judgment unless the plaintiff can demonstrate that there exists a genuine issue of material fact that the reason given was merely a pretext for discrimination. *Chapman*, 229 F.3d at 1024-25. Assuming that Bolton established a *prima facie* case of discrimination, the USPS met its burden of articulating a legitimate non-discriminatory reason for the discharge - the violation of the zero tolerance policy. The burden then shifted to Bolton to demonstrate that this was a pretextual reason for his termination. He has not provided sufficient evidence to meet this burden. The reason given by the USPS for Bolton's termination was amply supported by the accounts of multiple witnesses, and we agree with the ALJ that Bolton's contention that he was framed is unsupported and

Cir. 2003). On that basis, we find that Bolton's recitation of these claim in the statement of issues and references to racial animus by his employer to be adequate to preserve his claims.

4

not credible.

We next turn to Bolton's retaliation claim. Bolton argues that his discharge was motivated by a desire to retaliate against him for his 1995 lawsuit against the USPS. Bolton failed to establish that the USPS was motivated by, or even aware of, his earlier lawsuit. Conversely, the USPS demonstrated, through sufficient evidence, that his discharge was based on a legitimate reason, namely his violation of the zero tolerance policy for violence. We therefore find no reversible error in the dismissal of this claim and we affirm.

We further find no merit to Bolton's due process claim. Bolton argues that his right to a fair hearing was violated as a result of perjury committed by USPS witnesses and the ALJ's refusal to allow him to call a number of witnesses. Due process requires that an individual be given notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (internal quotation marks omitted). In an administrative hearing before the Merit Systems Protection Board, "[t]he presiding official is authorized to rule on witness lists, i.e., to exclude witnesses whose testimony is considered to be irrelevant, immaterial or repetitious." *Tiffany v. Dep't of Navy*, 795 F.2d 67, 70 (Fed Cir. 1986). As noted by the district court, the ALJ did not allow Bolton to add two witnesses to the list

5

because Bolton had not spoken to them and could not represent what they would testify to. The ALJ allowed a third witness requested by Bolton to testify, and while he did not allow him to question the witness about matters already covered, he specifically asked Bolton if he had further questions for the witness before releasing him. Bolton has presented no evidence to support his other contention, namely that witnesses for the USPS were allowed to submit false testimony at the hearing. In light of the above facts, we can find no indication that Bolton's due process rights were violated at the hearing, and accordingly we affirm the decision below.

**AFFIRMED.**